## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| John Doe HM, an individual, | ) |
| | ) |
| **PLAINTIFF** | ) |
| | ) |
| **VS.** | ) |
| | ) |
| | ) |
| | )   **NO.** |
| **City of Creve Coeur, Missouri** | ) |
| | ) |
| | ) |
| **John Beardsley,** *Individually and in his* | ) |
| *Official Capacity as Police Chief in the Creve* | ) |
| *Coeur Police Department* | ) |
| | ) |
| **Creve Coeur Board of Police Commissioners** | ) |
| | ) |
| **Robert Hoffman, Edward Umphres, Eleanor** | ) |
| **Glovinsky, Elliot Cytron, David Murray,** | ) |
| **Janice Gale, Charles Peyton, Jack Lite** | ) |
| **Bob Pennell, Al Schopp, Jr., and William** | ) |
| **Kisling,** *in their capacities as members of the* | ) |
| *Creve Coeur Board of Police Commissioners /* | ) |
| *Police Committee* | ) |
| | ) |
| **DEFENDANTS** | ) |

## COMPLAINT

COMES NOW Plaintiff, John Doe HM by and through his attorneys, Rebecca Randles and Sarah Brown of Randles, Mata & Brown, LLC. and for his claims against the defendants, states and alleges as follows:

## PRELIMINARY STATEMENT

1.     This is a complaint for declaratory relief, compensatory damages, statutory damages, attorneys' fees and all other available remedies brought against the defendant for conduct violating the Americans with Disabilities Act, 42 U.S.C. § 12101-12213

("ADA"), the Missouri Commission on Human Rights Act ("MCHR"),  R.S.Mo. 213;

and the Rehabilitation Act of 1973 29 U.S.C. §§ 701 *et. seq.*

## JURISDICTION AND VENUE

2.      Jurisdiction of this action is founded upon 28 U.S.C. § 1331, 28 U.S.C. § 1343

and 28 U.S.C. § 1367.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the

employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Eastern District of

Missouri, and since the defendant's business premises where plaintiff was

employed are also located in the Eastern District of the State of Missouri.

4.      All conditions precedent to jurisdiction under the ADA and MCHR have

occurred or have been met.  A true and correct copy of Plaintiff's Notice of

Suit Rights issued by the U.S. Equal Employment Opportunity Commission

on February 8, 2007, with Plaintiff's real name redacted and a true and correct

copy of Plaintiff's Notice of Right to Sue issued by the Missouri Commission

on Human Rights on May 1, 2007, with plaintiff's real name redacted, are

attached hereto as Exhibit 1.

## PARTIES

5.      Plaintiff, John Doe HM, is now and was at all times material hereto an

individual residing the greater St. Louis area in the state of Missouri.

6.      Defendant Beardslee is the Chief of Police for the City of Creve Coeur,

Missouri.

7.      Defendant City of Creve Coeur is a municipality in the County of St. Louis, State of Missouri.  The Creve Coeur Government Center is located at 300 N. New Ballas Road, Creve Coeur, MO. 63141.

8.      The Board of Police Commissioners oversees the operations of the Creve Coeur Police Department with an address of 300 N. New Ballas Road, Creve Coeur, MO.

9.       Defendants, Robert Hoffman, Edward Umphres, Eleanor Glovinsky, Elliot Cytron, David Murray, Janice Gale, Charles Peyton, Jack Lite, Bob Pennell, Al Schopp, Jr., and William Kisling the individual members of the Creve Coeur Board of Police Commissioners / Committee and the police chief (hereinafter "Defendants") employed the plaintiff on or about January 1, 2005. Defendants own and operate facilities throughout the City of Creve Coeur including the facility located at 300 N. New Ballas Road, Creve Coeur, MO. 63141.

10.     At all relevant times defendants have continuously conducted business in the State of Missouri and in the City of Creve Coeur and have continuously had at least fifteen (15) employees and are an "employer" within the within the meaning of the ADA, 42 U.S.C. § 12101-12213 ("ADA"), the Missouri Commission on Human Rights Act ("MCHR"),  R.S.Mo. 213; and the Rehabilitation Act of 1973 29 U.S.C. §§ 701 *et. seq.*

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

11.    On or about January 1, 2005, the plaintiff began his employment with the defendants and remained under the employment of the defendants until his unlawful discharge on January 4, 2006.

12.    Plaintiff's work performance, at all relevant times, was consistent with defendants' legitimate expectations, and plaintiff had all the required qualifications for the work he was performing for defendants, including as a police officer for the defendant.

13.    On or about November, 2005, Plaintiff brought suit against another individual for childhood sexual abuse he had suffered.  Because of the potential for media coverage of the matter, Plaintiff told Chief Beardslee of the pending lawsuit.

14.    Thereafter, Chief Beardslee began treating Plaintiff as if he had a mental disability because of the sexual abuse he suffered as a child.

15.    On or about December 26, 2005, Plaintiff was rated in his performance evaluations as meeting expectations with the recommendation that he be released from probationary status.

16.    On or about December 31, 2005, Plaintiff's ex-girlfriend, a woman well known to the Creve Coeur Police Department, made false allegations that Plaintiff was suicidal and that she had a suicide note from plaintiff so indicating.

17.    In fact, no such note existed and plaintiff was not suicidal.  Nonetheless, St. Louis County Policemen took the report and arrested Plaintiff.  He was taken

to a local hospital and confined based upon the unsupported affidavit of  one
of the policemen.

18.     Immediately upon being seen by a psychiatrist, plaintiff was released from the
hospital.

19.     Thereafter, on January 4, 2006, Plaintiff was terminated from his employment
with the Creve Coeur police department.

20.     On that same date, Chief Beardslee caused an Employee Safety Alert to be
issued indicating that Plaintiff disclosed information and exhibited signs of
emotional problems that included the potential for suicide and threats to
himself and others.  Officers were alerted that Plaintiff may be a threat should
he approach any of them, placing Plaintiff at bodily risk of injury while
having actual or constructive knowledge that plaintiff was not suicidal or
homicidal.

21.     Plaintiff does not have and has never had any mental impairment or disability.
However, because of his status as a survivor of sexual abuse as a child, he has
been perceived as being mentally disabled by the Creve Coeur police
department.

### COUNT 1:  PERCEIVED DISABILITY DISCRIMINATION
### PURSUANT TO 42 U.S.C. § 12101-12213 ("ADA")

22.     Plaintiff incorporates herein each and every paragraph heretofore pleaded.

23.     Defendants perceived plaintiff as having a mental disability that substantially
limited his major life activity of work based upon his status as a sexual abuse
survivor.

24.    Plaintiff's disability and/or perceived disability were a motivating factor in his unlawful discharge from the Creve Coeur Police Department on or about January 4, 2006.

25.    Defendants engaged in unlawful employment practices at the facility on 300 N. New Ballas Road, Creve Coeur, MO. 63141 in violation of R.S.Mo. § 213.055  and the ADA.

26.    As a result of defendants' discrimination based on perceived disability, plaintiff has been severely injured, incurring lost wages, lost earning capacity, medical and/or psychiatric expenses, loss of reputation, mental anguish, emotional distress and pain and suffering.

## COUNT 2:  DISABILITY DISCRIMINATION PURSUANT TO R.S.MO. 213

27.    Plaintiff hereby incorporates by this reference each and every paragraph heretofore pleaded.

28.    Defendants engaged in unlawful employment practices at the facility on 300 N. New Ballas Road, Creve Coeur, MO. 63141 in violation of R.S.Mo. § 213.055.

29.    Defendants perceived plaintiff as having a mental disability that substantially limited his major life activity of work based upon his status as a sexual abuse survivor.

30.    Defendants stereotyped Plaintiff based upon myths and fears that sexual abuse survivors are inherently unstable and / or that seeking of professional counseling is an indicator that an individual may suffer from mental disability.

31.    Plaintiff's disability and/or perceived disability were a motivating factor in his

unlawful discharge from the Creve Coeur Police Department on or about January 4, 2006.

32.     As a result of defendants' discrimination based on perceived disability, plaintiff has been severely injured, incurring lost wages, lost earning capacity, medical and/or psychiatric expenses, loss of reputation, mental anguish, emotional distress and pain and suffering.

## COUNT 3:  DISCRIMINATION PURSUANT TO THE
## REHABILITATION ACT OF 1973

33.     Plaintiff hereby incorporates by this reference each and every paragraph heretofore pleaded.

34.     Upon information and belief, defendants are recipients of federal funding and / or grants that brings them within the parameters of the Rehabilitation Act of 1973.

35.     Defendants engaged in unlawful employment practices at the facility on 300 N. New Ballas Road, Creve Coeur, MO. 63141 in violation of R.S.Mo. § 213.055  and the ADA.

36.     Defendants perceived plaintiff as having a mental disability that substantially limited his major life activity of work based upon his status as a sexual abuse survivor.

37.     Plaintiff's disability and/or perceived disability were a motivating factor in his unlawful discharge from the Creve Coeur Police Department on or about January 4, 2006.

38.     Defendants engaged in unlawful employment practices at the facility on 300
        N. New Ballas Road, Creve Coeur, MO. 63141 in violation of the
        Rehabilitation Act of 1973.

39.     As a result of defendants' discrimination based on perceived disability,
        plaintiff has been severely injured, incurring lost wages, lost earning capacity,
        medical and/or psychiatric expenses, loss of reputation, mental anguish,
        emotional distress and pain and suffering.

### Count 4:  Action for Defamation

40.     On or about January 4, 2006, Chief Beardslee issued a "safety alert"
        concerning Plaintiff in his official position as Police Chief of the Creve Coeur
        police department.

41.     At all times, Beardslee acted within the scope of his employment and with the
        actual or apparent authority of the defendants.

42.     The "safety alert" issued by Chief Beardslee included information that was
        false and of which the Chief and other defendants knew or should have known
        was false.

43.     Despite actual and / or constructive knowledge of the falsity of the statements
        contained in the "Employee Safety Alert," defendants caused that alert to be
        published to the department.

44.     These actions caused Plaintiff severe injury to his reputation as well as placing
        plaintiff at risk for his physical safety.

45.     As a result of defendants' actions, plaintiff has been severely injured, his
        reputation has been damaged and he has incurred lost wages, lost earning

capacity, medical and/or psychiatric expenses, loss of reputation, mental anguish, emotional distress and pain and suffering.

**WHEREFORE,** for each and every cause of action. Plaintiff respectfully prays that this Court:

a.   Issue a declaratory judgment that the acts, practices and procedures of the defendants violated the rights of the plaintiff under the Americans with Disabilities Act, the Missouri Human Rights Act and / or the Rehabilitation Act of 1973.

b.  Issue a judgment against the defendants for all the damages which Plaintiff has incurred including back pay, front pay, lost benefits, compensatory damages and non-economic injury to which the plaintiff is entitled;

c.  Issue a judgment against the defendant for any punitive and / or statutory damages to which the plaintiff is entitled due to the defendant's intentional violations of the rights of the plaintiff;

d.  Award Plaintiff his reasonable attorneys fees, costs and expenses;

e.  Award to plaintiff such other and further relief as may be appropriate

Respectfully submitted,

RANDLES, MATA & BROWN, LLC.


/s/ Rebecca M. Randles
Rebecca M. Randles #40149
406 West 34th Street, Suite 623
Kansas City, MO. 64111
(816) 931-9901; (816) 931-0134 (FAX)
Attorneys for Plaintiff

## **PLAINTIFF'S DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues in accordance with F.R.C.P. 38.

/s/ Rebecca M. Randles
Rebecca M. Randles