UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, H.M., an individual ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | Case No. 4:07CV00946 ERW |
| ) | |
| City of Creve Coeur, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

This matter comes before the Court upon Plaintiff's Motion to Proceed Under Pseudonym [doc. #2]. A hearing was held on May 17, 2007, and the Court heard arguments from Plaintiff's counsel on the Motion.

Plaintiff filed this action for declaratory relief, compensatory damages, statutory damages, attorneys' fees and all other available remedies against Defendants for conduct which allegedly violated the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, the Missouri Commission on Human Rights Act, R.S. Mo. 213, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*. Defendants have not yet been served.

Plaintiff requests that the Court enter an Order permitting him to used the pseudonym "John Doe H.M." In support of his Motion, Plaintiff asserts that his status as a sexual abuse survivor caused Defendants to perceive him as disabled under the ADA, the Rehabilitation Act and the Missouri Human Rights Act. Plaintiff also claims that if he were required to use his name in the prosecution of this lawsuit, he and his family will be subject to public ridicule and

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

humiliation.  Finally, in the hearing on this matter, Plaintiff's counsel explained that Plaintiff was a party in a prior case in this Court, which concerned the same sexual abuse allegations that are at issue in this case.  Counsel claims that District Judge Stephen Limbaugh ordered the parties to proceed anonymously in that case and that if Plaintiff were required to reveal his name in this case, he may be violating Judge Limbaugh's Order.

     Rule 10(a) of the Federal Rules of Civil Procedures provides that a complaint shall state the names of the all the parties.  Courts have "occasionally recognized an exception to the requirement that the parties' names be stated in the case caption for various reasons, including limited 'matters of a sensitive and highly personal nature.'"  *W.G.A. v. Priority Pharm., Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999) (citing *Heather K. v. City of Mallard, Iowa*, 887 F. Supp. 1249, 1255 (N.D. Iowa 1995)).  The Eighth Circuit has not articulated a standard to provide instruction on the issue of whether a plaintiff may proceed in a case anonymously.  Other courts have instructed that the district court should ascertain whether the plaintiff "has a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings."  *See Doe v. Frank*, 951 F.2d 32, 323 (11th Cir. 1992); *see also James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993) (the applicable factor is "whether the plaintiff would be required to disclose information of the utmost intimacy").

     The Court has reviewed the circumstances of this case and concludes that Plaintiff has presented satisfactory evidence to show that the need for anonymity outweighs the public's legitimate interest in knowing all the facts surrounding the court proceedings in this case.  The Court will, therefore, permit Plaintiff to proceed using the pseudonym John Doe H.M.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed Under Pseudonym [doc. #2] is **GRANTED**.

Dated this 17th day of May, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com