## Stacie A. Owens

**From:** Jennifer Janssen [jennifer@rmblawyers.com]
**Sent:** Monday, August 04, 2008 4:50 PM
**To:** Stacie A. Owens; Tom Berry
**Cc:** 'Rebecca Randles'
**Subject:** Supplemental Discovery Responses - Case No. 4:0-7-cv-946

**Attachments:** Plaintiff's Supplemental Responses to DF Request for Production of Docs.pdf; Plaintiff's Supplemental Answers to Df Interrogatories.pdf


Plaintiff's
upplemental Respo.


Plaintiff's
upplemental Answe.

Enclosed please find the Supplemental Discovery responses per Ms. Randles.

Jennifer Janssen, Paralegal
Randles, Mata & Brown LLC
406 W. 34th Street, Suite 623
Kansas City, Missouri 64111
Telephone:  (816) 931-9901
Facsimile:  (816) 931 0134
jennifer@rmblawyers.com

CONFIDENTIALITY NOTICE: This transmittal and accompanying documents are privileged and confidential, intended solely for the use and viewing by the addressee named above and no one else. If you receive this transmittal in error, please immediately telephone (collect, if necessary) the sender at
(816) 931-9901 and delete and destroy this transmittal and any accompanying documents


No virus found in this outgoing message.
Checked by AVG.
Version: 7.5.526 / Virus Database: 270.5.10 - Release Date: 7/31/2008 12:00 AM


**EXHIBIT**

*A*

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| *JOHN DOE HM, an individual,* | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Cause No. 4:07-cv-00946-ERW |
| *CITY OF CREVE COEUR, Missouri,* | ) |
| | ) |
| *JOHN BEARDSLEE, Individually and in his* | ) |
| *Official Capacity as Police Chief in the* | ) |
| *Creve Coeur Police Department,* | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION TO PLAINTIFF

COMES NOW Plaintiff, John Doe HM, Plaintiff, through its attorneys, Rebecca M. Randles, Randles, Mata & Brown, LLC, and pursuant to Federal Rule of Civil Procedure 34, request Plaintiff to produce the following documents;

1.    All curricula vitae and resumes you have used since your graduation from the police academy to the present.

**RESPONSE:**

Objection. This is overly broad and unduly burdensome. Subject to and without waiving any such objection, any responsive documents in Plaintiff's possession, custody or control will be provided. Plaintiff is currently retrieving this document from storage and will forward.

2.   A copy of each and every application for employment submitted by you to any

potential employer from the date of your hire as a temporary police officer with the City of

Creve Coeur on January 1, 2005 to the present.

**RESPONSE**:

Objection. This is overly broad and unduly burdensome. Subject to and without waiving
any such objection, any responsive documents in Plaintiff's possession, custody or
control will be provided. Plaintiff is currently reviewing his storage files for any such
documentation.

3.   A copy of all federal and state income tax returns and attachments filed by you or

on your behalf for the years 2005, to present.

**RESPONSE**:

Enclosed. Requested W-2's are currently being retrieved from storage and will be
forwarded.

4.   All documents which relate to your prior employment by the City of Creve Coeur,

Missouri, including, but not limited to, applications, compensation records, attendance records,

disciplinary reports, personnel records and written evaluations.

**RESPONSE**:

Plaintiff objects to the Request as the information is uniquely within the possession,
custody and control of Defendants. Subject to and without waiving this objection,
Plaintiff has found no such records.

5.      All documents which relate to any employment prior to your employment with the City, including, but not limited to, applications, compensation records, attendance records, disciplinary reports, personnel records and written evaluations.  If these documents are not in your possession, Defendants request an executed employment records release for each employer.

**RESPONSE**:

Plaintiff objects to this request as being overly broad and not designed to lead to admissible material.  Subject to and without waiving, Plaintiff has no such responsive documents in his possession.  Plaintiff will execute an appropriately limited authorization for relevant employment documents for the five years preceding this date of his hire by the city.

6.      All documents which relate to any employment since your employment with the City was terminated, including, but not limited to, applications, compensation records, attendance records, disciplinary reports, personnel records and written evaluations.  If these documents are not in your possession, Defendants request an executed employment records release for each employer.

**RESPONSE:**

Plaintiff objects to this request as being overly broad and not designed to lead to admissible material.  Subject to and without waiving, Plaintiff has no such responsive documents in his possession.  Plaintiff will execute an appropriately limited authorization for relevant employment documents for the five years preceding this date of his hire by the city to the present.  Authorization is being executed and will be forwarded.

7.      All grievances and complaints you have filed pertaining to any of your employers excluding the City.

**RESPONSE**:

None.

8.      All grievances and complaints that have been filed against you or about you pertaining to your employment by any employer besides the City.

**RESPONSE**:

None.

9.      A copy of all certificates of attendance, diplomas and certifications for any training or educational courses attended by you relating to your employment with the City.

**RESPONSE**:

Plaintiff objects to the Request as the information is uniquely within the possession, custody and control of Defendants.   Subject to and without waiving this objection, Plaintiff has found no such records.

10.     A copy of any and all communications between you and John Beardslee, prior to January 4, 2006, including, but not limited to, reports, letters, e-mails, voice recordings, transcripts of voice recordings, evaluations, disciplinary reports, grievances and investigations.

**RESPONSE**:

Plaintiff objects to the Request as the information is uniquely within the possession, custody and control of Defendants.   Subject to and without waiving this objection, Plaintiff has found no such records.

11.     A copy of any and all communications between you and any captains, lieutenants, sergeants or patrol officers with City of Creve Coeur Police Department, prior to January 4, 2006, including, but not limited to, reports, letters, e-mails, voice recordings, transcripts of voice recordings, evaluations, disciplinary reports, grievances and investigations.

**RESPONSE**:

Plaintiff objects to the Request as the information is uniquely within the possession, custody and control of Defendants.  Subject to and without waiving this objection, Plaintiff has found no such records.

12.     A copy of any and all communications between you and any current or former employee of the City, made prior to January 4, 2006, including, but not limited to, reports, letters, e-mails, voice recordings, transcripts of voice recordings, evaluations, disciplinary reports, grievances and investigations.

**RESPONSE**:

Plaintiff objects to the Request as the information is uniquely within the possession, custody and control of Defendants.  Subject to and without waiving this objection, Plaintiff has found no such records.

13.     A copy of any and all communications between you and John Beardslee which occurred from January 4, 2006 to the present, including, but not limited to, reports, letters, e-mails, voice recordings, transcripts of voice recordings, evaluations, disciplinary reports, grievances and investigations.

**RESPONSE**:

Plaintiff objects to the Request as the information is uniquely within the possession, custody and control of Defendants.  Subject to and without waiving this objection, Plaintiff has found no such records.

14.    A copy of any and all communications between you and any captains, lieutenants, sergeants or patrol officers with City of Creve Coeur Police Department which occurred from January 4, 2006 to the present, including, but not limited to, reports, letters, e-mails, voice recordings, transcripts of voice recordings, evaluations, disciplinary reports, grievances and investigations.

**RESPONSE**:

Plaintiff objects to the Request as the information is uniquely within the possession, custody and control of Defendants.  Subject to and without waiving this objection, Plaintiff has found no such records.

15.    A copy of any and all communications between you and any current or former employee of the City which occurred from January 4, 2006 to the present, including, but not limited to, reports, letters, e-mails, voice recordings, transcripts of voice recordings, evaluations, disciplinary reports, grievances and investigations.

**RESPONSE**:

Plaintiff objects to the Request as the information is uniquely within the possession, custody and control of Defendants.  Subject to and without waiving this objection, Plaintiff has found no such records.

16.    A copy of any and all communications between you and Crystal ████ including, but not limited to, letters, e-mails, voice recordings and transcripts of voice recordings which refer or relate to the allegations contained in Plaintiff's complaint, Plaintiff's employment with the City of Creve Coeur, the termination of Plaintiff's employment with the City of Creve Coeur, 911 calls made by any person regarding Plaintiff, Plaintiff's detention by police officers

on December 31, 2005, Plaintiff's subsequent hospitalization, Plaintiff's mental state from January 1, 2005 to the present, Plaintiff's threats of suicide and Plaintiff's possession of firearms.

**RESPONSE**:

Plaintiff objects to the Request as the information is uniquely within the possession, custody and control of Defendants.  Subject to and without waiving this objection, Plaintiff has found no such records.

17.    A copy of any and all communications between you and Michael ███ including, but not limited to, letters, e-mails, voice recordings and transcripts of voice recordings which refer or relate to the allegations contained in Plaintiff's complaint, Plaintiff's employment with the City of Creve Coeur, the termination of Plaintiff's employment with the City of Creve Coeur, 911 calls made by any person regarding Plaintiff, Plaintiff's detention by police officers on December 31, 2005, Plaintiff's subsequent hospitalization, Plaintiff's mental state from January 1, 2005 to the present, Plaintiff's threats of suicide and Plaintiff's possession of firearms.

**RESPONSE:**

Plaintiff objects to the Request as the information is uniquely within the possession, custody and control of Defendants.  Subject to and without waiving this objection, Plaintiff has found no such records.

18.    A copy of any and all communications between you and Lisa ███ including, but not limited to, letters, e-mails, voice recordings and transcripts of voice recordings which refer or relate to the allegations contained in Plaintiff's complaint, Plaintiff's employment with the City of Creve Coeur, the termination of Plaintiff's employment with the City of Creve Coeur, 911 calls made by any person regarding Plaintiff, Plaintiff's detention by police officers on

December 31, 2005, Plaintiff's subsequent hospitalization, Plaintiff's mental state from January 1, 2005 to the present, Plaintiff's threats of suicide and Plaintiff's possession of firearms.

**RESPONSE:**

Plaintiff objects to this request to the extent it violates the spousal privilege. With respect to any communication between Lisa ▬▬▬ and the 911 operator or police personnel, Plaintiff object to the Request as the information is uniquely within the possession, custody and control of Defendants. Subject to and without waiving this objection, Plaintiff has found no such records.

19.   A copy of any and all communications between you and any person, other than your attorney, including, but not limited to, reports, letters, e-mails, voice recordings, transcripts of voice recordings, evaluations, disciplinary reports, grievances and investigations which refer or relate to the allegations contained in Plaintiff's complaint, Plaintiff's employment with the City of Creve Coeur, the termination of Plaintiff's employment with the City of Creve Coeur, 911 calls made by any person regarding Plaintiff, Plaintiff's detention by police officers on December 31, 2005, Plaintiff's subsequent hospitalization, Plaintiff's mental state from January 1, 2005 to the present, Plaintiff's threats of suicide and Plaintiff's possession of firearms.

**RESPONSE:**

Plaintiff objects to the request as violative of the work product doctrine. Plaintiff objects to the Request as the information is uniquely within the possession, custody and control of Defendants. Subject to and without waiving this objection, Plaintiff has found no such records.

20.    All recordings of any conversation by and between you and John Beardslee, from January 1, 2005 to the present, whether audio, video, electronic, computer or any other medium or form of information retention.

**RESPONSE**:

None.   Plaintiff objects to the Request as the information is uniquely within the possession, custody and control of Defendants.

21.    All recordings of any conversation by and between you and any current or former employee of the City from January 1, 2005 to the present, whether audio, video, electronic, computer or any other medium or form of information retention.

**RESPONSE**:

None.   Plaintiff objects to the Request as the information is uniquely within the possession, custody and control of Defendants.

22.    All recordings of any conversation by and between you and any person other than your attorney, from January 1, 2005 to the present, whether audio, video, electronic, computer or any other medium or form of information retention which refer or relate to the allegations contained in Plaintiff's complaint, Plaintiff's employment with the City of Creve Coeur, the termination of Plaintiff's employment with the City of Creve Coeur, 911 calls made by any person regarding Plaintiff, Plaintiff's detention by police officers on December 31, 2005, Plaintiff's subsequent hospitalization, Plaintiff's mental state, Plaintiff's threats of suicide, Plaintiff's possession of firearms, John Beardslee, the City or any of the allegations contained in your Complaint.

**RESPONSE:**

Plaintiff objects to the request as violative of the work product doctrine. Plaintiff objects to the Request as the information is uniquely within the possession, custody and control of Defendants. Subject to and without waiving this objection, Plaintiff has found no such records.

23.     A copy of any and all documents, correspondence, reports, photographs or recordings which Plaintiff contends supports the allegations against John Beardslee and the City as alleged in Plaintiff's Complaint,.

**RESPONSE:**

Plaintiff objects to the request as violative of the attorney-client privilege in that it seeks Plaintiff's counsel's mental impression and theories. Subject to, see Defendants' Response to EEOC Complaint, Plaintiff's 26(a) Disclosures. As discovery continues, Plaintiff will seasonably submit this request with any non-privileged materials received or found during the course of discovery.

24.     A copy of any and all documents, reports, photographs, evidence receipts, audio or video recordings from St. Louis County Police Department related to Plaintiff's interaction with St. Louis County Police Officers on December 31, 2005.

**RESPONSE:**

Plaintiff objects to the Request as the information is uniquely within the possession, custody and control of Defendants. Subject to and without waiving this objection, Plaintiff has found no such records.

25.  A copy of any and all documents, reports, intake forms, discharge forms, evaluations, doctor's notes, nurses notes, counselor's notes, psychiatric and medical records from St. Anthony's Medical Center related to Plaintiff's admission there on December 31, 2005.

**RESPONSE:**

Responsive documents were previously submitted with Plaintiff's Initial Disclosures.

26.  A copy of any and all documents, reports, intake forms, discharge forms, evaluations, doctor's notes, nurses notes, counselor's notes, psychiatric and medical records from Hyland Center related to Plaintiff's admission there on December 31, 2005 or January 1, 2006.

**RESPONSE:**

Responsive documents were previously submitted with Plaintiff's Initial Disclosures.

27.  All medical records generated from your care, treatment or counseling for any mental anguish, emotional distress, mental pain and suffering and physical pain and suffering you claim Defendants caused you.  If these medical records are not in your possession, the Defendants request an executed medical records release to obtain them.

**RESPONSE**

Plaintiff has no such records in his possession, custody or control, Discovery continues, to the extent any such providers exist Plaintiff will provide an appropriately limited HIPAA compliant authorization.  Plaintiff has found no such records.

28.   Your day planners, diaries, calendars and appointment books since January 1, 2005.

**RESPONSE**:

Plaintiff objects to this request as being overbroad.  These documents will be provided if Plaintiff is able to locate any materials.  Plaintiff has found no such records.

29.   All documents identified in your Rule 26(a)(1) Initial Disclosures.

**RESPONSE**:

Plaintiff objects to this request as being overbroad.  Subject to and without limitation, Plaintiff has provided all such documents in his possession, custody or control.

30.   All documents you identified in your Answers to Defendants' Interrogatories to Plaintiff.

**RESPONSE**:

Plaintiff objects to this request as being overbroad. Plaintiff objects to the request as violative of the attorney-client privilege.  Plaintiff has provided all responsive non-privileged documents in his possession, custody or control.

31.   Plaintiff shall complete and execute the attached Authorization For Release Of Employment And Personnel Records form and return it to counsel for Defendants at the same time that Plaintiff's Responses are submitted hereto.

**RESPONSE**:

Plaintiff objects to this request as being overly broad and not designed to lead to admissible material.  Subject to and without waiving, Plaintiff has no such responsive documents in his possession.  Plaintiff will execute an appropriately limited authorization for relevant employment documents for the five years preceding this date of his hire by the city.  Release are currently being executed and will be forthcoming.

10

32.    Plaintiff shall complete and execute the attached Authorization For Release Of

Health Information form and return it to counsel for Defendants at the same time that Plaintiff's

Responses are submitted hereto.

**RESPONSE**:

> Plaintiff objects to enclosed authorization as being overbroad.  Plaintiff has no such records in his possession, custody or control,  Discovery continues, to the extent any such providers exist Plaintiff will provide an appropriately limited HIPAA compliant authorization.

33.    Plaintiff shall complete and execute the attached Social Security Administration

Consent For Release of Information, in the form of the attached authorization, for the years 2005

to the present and return it to counsel for Defendants at the same time that Plaintiff's Responses

are submitted hereto.

**RESPONSE**:

> Plaintiff objects to this request as being overly broad and not designed to lead to admissible material.  Subject to and without waiving, Plaintiff has no such responsive documents in his possession.  Plaintiff will execute an appropriately limited authorization for relevant employment documents for the five years preceding this date of his hire by the city.

> Plaintiff objects to providing access to his entire Social Security file as the information found therein is irrelevant, inadmissible and not designed to lead to admissible material.

RANDLES, MATA & BROWN LLC

By: _Rebecca M. Randles_ _____
      Rebecca M. Randles, #40149
      Randles, Mata & Brown, LLC
      406 W. 34th Street, Suite 623
      Kansas City, MO 64111
      816-931-9901
      816-931-0134 (Fax)
      E-mail: rebecca@rmblawysers.com

      Attorney for Plaintiff

## CERTIFICATE OF E-MAILING/MAILING

The undersigned certifies that on this _4th_ day of August, 2008, a copy of the foregoing was sent by e-mail and United States mail, postage pre-paid, to all counsel of record:

Thomas E. Berry, Jr., #2626
Stacie A. Owens, #513706
One City Centre, 15th Floor
St. Louis, MO 63101-1880
314-231-3332
314-241-7604 (Fax)

Attorneys for Defendant,
*City of Creve Coeur and Chief Beardslee*

With a copy to:

Ms. Lorena Merklin von Kaenel
St. Louis County Counselor
41 South Central Avenue
St. Louis, MO 63105

_Rebecca M. Randles_
Rebecca M. Randles

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| *JOHN DOE HM, an individual,* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:07-cv-00946-ERW |
| | ) | |
| *CITY OF CREVE COEUR, Missouri,* | ) | |
| | ) | |
| *JOHN BEARDSLEE, Individually and in his* | ) | |
| *Official Capacity as Police Chief in the* | ) | |
| *Creve Coeur Police Department,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S SUPPLEMENTAL RESPONSES TO
## DEFENDANTS' FIRST INTERROGATORIES TO PLAINTIFF

COMES NOW Plaintiff, John Doe HM, Plaintiff, through its attorneys, Rebecca M.

Randles, Randles, Mata & Brown, LLC, and pursuant to Federal Rule of Civil Procedure 33,

directs the following interrogatories to Plaintiff:

### INSTRUCTIONS

A.      These Interrogatories shall be deemed continuing to the full extent set forth in

Rule 26(e) to the Federal Rules of Civil Procedure.

B.      Wherever used herein, the singular shall be deemed to include the plural, and the

plural shall be deemed to include the singular; the masculine shall be deemed to include the

feminine and the feminine shall be deemed to include the masculine; the disjunctive "or" shall be

deemed to include the conjunctive "and," the conjunctive "and" shall be deemed to include the

disjunctive "or," and each of the functional words "each," "every," "any" and "all" shall be

deemed to include each of the other functional words.

C.     The Interrogatories which cannot be answered in full shall be answered as completely as possible, and any incomplete answer shall be accompanied by a specification of the reasons for the incompleteness of the answer as well as by a statement of whatever knowledge, information or belief you possess with respect to each unanswered or incompletely answered Interrogatory.

D.     "Writing" shall refer to any written material, whether typed, handwritten, printed or otherwise, or any photograph, photostat, microfilm, or any other reproduction thereof, and includes without limitation, each note, memorandum, letter, telegram, circular release, article, report, analysis, chart, account, book, draft, summary, diary, transcript, agreement, contract, check or receipt.

E.     "Identify," when used in reference to an individual, means the name, address, telephone number and business affiliation of that individual, and when used in reference to writing, means a description of that writing in a manner sufficient for a subpoena *duces tecum* or for production pursuant to Rule 34 of the Federal Rules of Civil Procedure. "Identify," when used in reference to an oral conversation means to describe in detail when such conversation took place, where such conversation took place, and the full name and present or last known position and business affiliation and residential address of each of the parties to such conversation, as well as the substance of the conversations, described in detail.

F.     The term "describe(d) in detail" means:  (a) describe fully by reference to underlying facts rather than by ultimate facts or conclusions of fact or law, and (b) particularize as to (1) time; (2) place; (3) manner; and (4) identity of persons involved or otherwise having knowledge of the underlying facts in full or in part.

2

G.      If you object to any Interrogatory or any subpart thereof on the grounds such Interrogatory or subpart calls for disclosure of information which you claim is privileged, then answer such Interrogatory or subpart as follows: (1) furnish all information and facts called for by such Interrogatory or subpart which you do not claim is privileged, and (2) for each communication, recommendation, fact or advice which you claim is privileged; (a) state the basis for your claim of privilege, (b) if the communication, advice, fact, recommendation, etc., in question was conveyed orally, then identify all persons present during such communication, identify the parties to such communication, state the date, time and place where such communication occurred, state whether the parties were present during such communication or communicated by telephone, and state the subject matter of such communication, and (c) if the communication, advice, recommendation or fact in question is embodied in or conveyed by means of a document, then identify each such document and identify each person who has seen such document.

H.      "Plaintiff" shall refer to Plaintiff John Doe HM

I.      "The City" shall refer to Defendant City of Creve Coeur, Missouri.

J.      "Beardslee" shall refer to Defendant John Beardslee.

3

## INTERROGATORIES

1.      State your full name, as well as your current residence address, social security number, date and place of birth, and any other name by which you have ever been known.

**RESPONSE:**

████████████████████████████████████████████████████████

2.      State whether you have ever been married and if the answer is in the affirmative, for each marriage state the name of your spouse, the dates of the marriage, the disposition of the marriage and the date of said disposition.

**RESPONSE:**

Yes.  Lisa K.████████; May 23, 1992 – present.

3.      Please provide each and every address at which you have resided from January 2005 to the present and the dates you lived at each residence.

**RESPONSE:**

████████████████████████████████

4.      Identify every charge, claim, grievance, complaint or petition that has been filed by Plaintiff or on Plaintiff's behalf against any person or entity, exclusive of the City, with any city, state or federal administrative agency or court.

**RESPONSE:**

Plaintiff objects to this Interrogatory as being overbroad, unlimited as to time or scope and ambiguous as to the meaning of "claim, grievance, complaint. "Subject to and without waiving.

*Case No. 4:0-7-cv-2116,* John Doe HM, Plaintiff v. St. Louis County, Missouri, Colonel Jerry Lee, *in his Official Capacity as Police Chief in the St. Louis County Police Department,* Sgt. Lassater, Officer Tomacek, *individually and in their capacities as Police Officers for The County of St. Louis,* St. Louis County Board of Police Commissioners, Col. Patrick Twardowski, *in his capacity as Chairman of the St. Louis County, Board of Police Commissioners, Police Committee and* Jimmy L. Brown, Sheila M. Hoffmeister, Floyd Warman, and Gregory Sansone, *in their capacities as members of the Board of Police Commissioners for St. Louis County, as Defendants.*

*Case No. 05CV01583 SNL,* John Doe 88, an individual, Plaintiff v. John Doe A.B., an

individual, Defendant.

5.     Identify, by name, address and telephone number every prospective employer

contacted by Plaintiff on or after January 4, 2006.

**RESPONSE:**

Enterprise Rent a Car

Merritt Corporation

I made inquiry about joining the Arnold Police Department and Jefferson County Police Department.

I applied for between 30 and 50 positions that were posted on line.  Many of those did not reveal their identity in the advertised position.

6.     With respect to each employer identified in answer to Interrogatory 5, state

whether or not a job offer was extended, and if any offer was rejected, the reasons for such

rejection.

5

**RESPONSE:**

Job offers were extended by Enterprise Rent a Car and Merritt Corporation. I accepted the offer from Enterprise.

7.    With respect to Plaintiff's claim that he suffered or experienced mental anguish, emotional distress and pain and suffering, describe the nature of each injury, including, but not limited to, how each symptom occurred and/or manifested.

**RESPONSE:**

Plaintiff objects to this Interrogatory as it requires expert evaluation and opinions for which Plaintiff is unqualified to give. Subject to and without waiving this objection, Plaintiff will provide an appropriately limited, HIPAA compliant authorization allowing defendant access to the relevant records, if any. Discovery continues. Plaintiff has not yet chosen as required his testimonial experts. Plaintiff will seasonably supplement this Interrogatory by the Case Management Order.

8.    With respect to each symptom or injury described in response to Interrogatory 7, identify any professional treatment or consultation that Plaintiff received.

**RESPONSE:**

Plaintiff objects to this Interrogatory as it requires expert evaluation and opinions for which Plaintiff is unqualified to give. Subject to and without waiving this objection, Plaintiff will provide an appropriately limited, HIPAA compliant authorization allowing defendant access to the relevant records, if any. Discovery continues. Plaintiff has not yet chosen as required his testimonial experts. Plaintiff will seasonably supplement this Interrogatory by the Case Management Order.

6

9.      Identify each medical or health care provider, including, but not limited to, health care institutions, hospitals, clinics, physicians, psychologists, psychiatrists, counselors, chiropractors or any other provider consulted by Plaintiff and/or which treated Plaintiff, at any time, from and after January 1, 2005.

**RESPONSE:**

Carol L. Niedermeyer, Phd.
87111 Watson Road, Suite 100
St. Louis, MO 63119
(314) 961-9871

Ed Harris
4231 Laclede Avenue
St. Louis, MO 63108-2814
(314) 652-3888

Marti Sensakovic
500 Cedar Plaza Pkwy
#250
St. Louis, MO 63128
(314) 843-4333

St. Anthony's Medical Center
10004 Kennerly Road
St. Louis, MO 63128

7

10.    Identify each medical or health care provider, including, but not limited to, health care institutions, hospitals, clinics, physicians, psychologists, psychiatrists, counselors, chiropractors or any other provider consulted by Plaintiff and/or which treated Plaintiff from December 31, 2000 through December 31, 2005.

**RESPONSE:**

Objection, this interrogatory is overly broad and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence at trial. It is also is unwarranted intrusion into the privacy interest of plaintiff. Without waiving this objection and subject to it, plaintiff provides the following answer:

St. Anthony's Hospital

Carol Niedermeyer, Phd.

Charles Tadros, family physician.

11.    With respect to Plaintiff's allegation in Paragraph 13 of his Complaint that he told Chief Beardslee of a pending lawsuit, please state, with specificity, what information Plaintiff told Chief Beardslee and further identify the lawsuit referenced by providing the Court in which it was filed, the case number and how Plaintiff is identified in the lawsuit.

**RESPONSE:**

I told Chief Beardslee that this was not a big deal, but I was a victim of child abuse. My attorney informed me that there is a potential for it to hit the papers as we were filing a lawsuit. I told him it was a high profile individual but did not reveal who it was. I did tell him that if I told him the perpetrator's name, Beardslee would know who he was. As for the lawsuit filed, see Interrogatory No. 4.

12.    State all facts upon which Plaintiff relies in support of his allegation in Paragraph Paragraph 14 of his Complaint that Chief Beardslee "began treating Plaintiff as if he had a mental disability because of the sexual abuse he suffered as a child."

8

**RESPONSE:**

Plaintiff objects to this Interrogatory as being overbroad, unduly burdensome and seeks information covered by the work product doctrine. Furthermore, plaintiff objects on the basis that discovery in this case is in the preliminary stages, some evidence supporting this allegation may be subject to expert testimony, and experts have not yet been designated. Plaintiff further objects that this is a contention interrogatory for which an answer should be delayed until the Pretrial Conference or as the Court should otherwise rule pursuant to R.S.Mo. 57.01(b)(1).

Chief Beardslee told all of the superior officers, even though I had asked that it be held confidential. I got into it with my sergeant and told him I was going to file a written grievance against him. Beardslee approached me to see if everything was okay as there was a disagreement between he and a sergeant. The sergeants would come up and ask ▓▓▓ – one of these days you are going to tell me what's going on with you. McCrary told him that in the locker room. That was numerous times. Then, there were a couple of officers that were high ranking patrolmen who know everything going on that would make statements like "what's going on?" At least if you got out of this job, you'd have other skills. I saw Beardslee in the locker room. He asked ▓▓▓ how he was doing because he heard that ▓▓▓ had gotten upset about his sergeant.

Please see also Defendant's EEOC Position Statement.

13.    With regard to Plaintiff's allegation in Paragraph 16 of his Complaint that "on or about December 31, 2005, Plaintiff's ex-girlfriend, a woman well known to the Creve Coeur Police Department, made false allegations that Plaintiff was suicidal and that she had a suicide note from plaintiff so indicating", please identify the woman referenced in Paragraph 16 and provide her last known address and telephone number, specify the beginning and end date of the relationship between Plaintiff and the woman, specify how the woman was known to the Creve Coeur Police Department and state all facts upon which Plaintiff relies in support of his allegation in Paragraph 16 that she "made false allegations that Plaintiff was suicidal and that she had a suicide note from plaintiff so indicating."

9

**RESPONSE:**

Plaintiff objects to this Interrogatory as being overbroad, unduly burdensome and seeks information covered by the work product doctrine. Furthermore, plaintiff objects on the basis that discovery in this case is in the preliminary stages, some evidence supporting this allegation may be subject to expert testimony, and experts have not yet been designated. Plaintiff further objects that this is a contention interrogatory for which an answer should be delayed until the Pretrial Conference or as the Court should otherwise rule pursuant to R.S.Mo. 57.01(b)(1).

Crystal⬛⬛⬛, Florissant, Missouri. Crystal used to be a dispatcher for Creve Coeur and she was a part time dispatcher for Olivette police departments. Plaintiff and Crystal⬛⬛⬛ broke up three or four days prior to the events of December 31, 2005. Plaintiff was not suicidal at the time of the events in question and had not written a suicide note. Therefore, the allegations made by Ms.⬛⬛⬛ concerning suicidal ideation and a note were patently false. Discovery continues. Plaintiff will seasonally supplement this Response to the extent required by the Rules of Civil Procedure.

14.    With regard to Plaintiff's allegation in Paragraph 18 of Plaintiff's Complaint, please specify the name of the hospital(s) where Plaintiff was taken, the name of the psychiatrist who evaluated and/or treated Plaintiff and the date and time of Plaintiff's release from said hospital(s).

**RESPONSE:**

The Hyland Center at St. Anthony's Hospital
10004 Kennerly Road
St. Louis, MO 63128

15.    State all facts upon which Plaintiff relies in support of his allegation in Paragraph 20 of Plaintiff's Complaint that Defendants had "actual or constructive knowledge that plaintiff was not suicidal or homicidal."

10

**RESPONSE:**

Plaintiff objects to this Interrogatory as being overbroad, unduly burdensome and seeks information covered by the work product doctrine. Furthermore, plaintiff objects on the basis that discovery in this case is in the preliminary stages, some evidence supporting this allegation may be subject to expert testimony, and experts have not yet been designated. Plaintiff further objects that this is a contention interrogatory for which an answer should be delayed until the Pretrial Conference or as the Court should otherwise rule pursuant to R.S.Mo. 57.01(b)(1).

I understand that Crystal ████ had a history of making false accusations against police officers and that the history was known to Creve Coeur police department. Plaintiff was released from the hospital immediately upon being seen by a psychiatrist. He was not placed under a 96 hour hold or otherwise committed and he was found not to be a danger to himself or others. This history was related to the Creve Coeur police department.

16.    State all facts upon which Plaintiff relies in support of his allegation in Paragraph

30 of Plaintiff's Complaint that Defendants "stereotyped Plaintiff based upon myths and fears

that sexual abuse survivors are inherently unstable and/or that seeking of professional counseling

is an indicator that an individual may suffer from mental disability."

**RESPONSE:**

Plaintiff objects to this Interrogatory as being overbroad, unduly burdensome and seeks information covered by the work product doctrine. Furthermore, plaintiff objects on the basis that discovery in this case is in the preliminary stages, some evidence supporting this allegation may be subject to expert testimony, and experts have not yet been designated. Plaintiff further objects that this is a contention interrogatory for which an answer should be delayed until the Pretrial Conference or as the Court should otherwise rule pursuant to R.S.Mo. 57.01(b)(1).

Please see Defendant's EEOC Position Statement.

11

17.     With regard to Paragraph 31 of Plaintiff's Complaint alleging "Plaintiff's disability and/or perceived disability were a motivating factor in his unlawful discharge from the Creve Coeur Police Department on or about January 4, 2006," please state what disability Plaintiff contends he suffers from and further state what actions or conversations took place which led plaintiff to believe said disability or perceived disability was the motivating factor in the decision to terminate him and for each such action or conversation, state the date of said action or conversation, where said action or conversation took place and identify any witnesses to the action or conversation.

**RESPONSE:**

Plaintiff objects to this Interrogatory as it requires expert evaluation and opinions for which Plaintiff is unqualified to give. Plaintiff objects on the basis that discovery in this case is in the preliminary stages, some evidence supporting this allegation may be subject to expert testimony, and experts have not yet been designated. Plaintiff further objects that this is a contention interrogatory for which an answer should be delayed until the Pretrial Conference or as the Court should otherwise rule pursuant to R.S.Mo. 57.01(b)(1). Discovery continues. Plaintiff will seasonally supplement this Interrogatory.

Without waiving this objection, Plaintiff suffers no disability. Plaintiff was perceived to be disabled by virtue of his status as a sexual abuse survivor.


18.     With regard to Paragraph 42 of Plaintiff's Complaint alleging the safety alert issued by Chief Beardslee included information that was false and of which the Chief and other defendants knew or should have known was false, identify what information contained in the safety alert was false, identify with specificity who, other than Chief Beardslee, knew or should have known it was false and state how Chief Beardslee and any other individual identified in response to this interrogatory knew or should have known the information was false.

12

**RESPONSE:**

Plaintiff objects to this Interrogatory as being overbroad, unduly burdensome and seeks information covered by the work product doctrine. Furthermore, plaintiff objects on the basis that discovery in this case is in the preliminary stages, some evidence supporting this allegation may be subject to expert testimony, and experts have not yet been designated. Plaintiff further objects that this is a contention interrogatory for which an answer should be delayed until the Pretrial Conference or as the Court should otherwise rule pursuant to R.S.Mo. 57.01(b)(1).

Without waiving this objection Plaintiff states he does not have the safety alert in his possession, custody or control. Defendant has set forth in its EEOC position paper that a safety alert was issued. No basis in fact existed for issuing such an alert and caused plaintiff to be placed in actual danger.

19. Please specify how Plaintiff's reputation has been injured as a result of the publication to the department of the safety alert and identify any individuals who can corroborate the injuries to Plaintiff's reputation alleged as a result of said publication.

**RESPONSE:**

Plaintiff understands the alert to have been broadcast not only to Creve Coeur but to all local police departments. It indicated that Plaintiff was mentally unstable and created the impression that he was not fit as a police officer. For individuals who can corroborate the injuries to Plaintiff's reputation, see Plaintiff's 26A disclosures. Also: Sgt. Steve Uelk, Steve DeGelder, Grace Jones, John Macintosh, Bill Miller of Olivette Police Department, Chuck Parker, Dave Wolf of Olivette Police Department. Discovery continues. Plaintiff will seasonably supplement this interrogatory to the extent required by the Federal Rules of Civil Procedure.

20. Please state your whereabouts on December 31, 2005 from 11:00 a.m. until 2:00 p.m. and identify the names of each and every individual with whom you had verbal and/or physical contact during that time period.

**RESPONSE:**

At my home, then at Starbucks Coffeehouse

21.     Please identify how Plaintiff was related to Lisa ▮▮▮ as of December 31, 2005 and further identify Plaintiff's present relationship to Lisa ▮▮▮ and state her last known address and telephone number.

**RESPONSE:**

Plaintiff was married to Lisa ▮▮▮, but separated. At present, he is married to Lisa ▮▮▮ and living with her in the marital home at the address given in Interrogatory 1.

22.     Please identify how Plaintiff was related to Michael ▮▮▮ as of December 31, 2005 and further identify Plaintiff's present relationship to Michael ▮▮▮ and state his last known address and telephone number.

**RESPONSE:**

Michael ▮▮▮ was plaintiff's brother on December 31, 2005 and is still his brother as of the present. Michael can be contacted through Plaintiff's counsel.

23.     Identify every current or former employee of the City contacted either by Plaintiff or by someone on Plaintiff's behalf, exclusive of Plaintiff's attorneys, concerning the allegations set forth in Plaintiff's Complaint. With respect to each person identified, state the date of each contact, the subject and/or topics discussed and the identities of the individuals present or participating.

**RESPONSE:**

Plaintiff objects to this Request as violating the attorney-client and work product doctrines.

To the best of Plaintiff's recollection, he spoke to Steve DeGelder, John Macintosh, Chuck Parker and Grace Jones but not with regard to the allegations in the complaint. He generally discussed that he had been terminated by the City but was told that the officers were not allowed to speak to him.

RANDLES, MATA & BROWN LLC

By: *[signature]*

Rebecca M. Randles, #40149
Randles, Mata & Brown, LLC
406 W. 34th Street, Suite 623
Kansas City, MO 64111
816-931-9901
816-931-0134 (Fax)
E-mail:  rebecca@rmblawysers.com

Attorney for Plaintiff

## CERTIFICATE OF E-MAILING/MAILING

The undersigned certifies that on this _4th_ day of August, 2008, a copy of the foregoing  was sent via e-mail and by United States mail, postage pre-paid, to all counsel of record:

Thomas E. Berry, Jr., #2626
Stacie A. Owens, #513706
One City Centre, 15th Floor
St. Louis, MO 63101-1880
314-231-3332
314-241-7604 (Fax)

Attorneys for Defendant,
*City of Creve Coeur and Chief Beardslee*

With a  copy to:

Ms. Lorena Merklin von Kaenel
St. Louis County Counselor
41 South Central Avenue
St. Louis, MO 63105

*[signature]*

Rebecca M. Randles

15