UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE HM, *an individual*, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV00946 ERW |
| | ) | |
| CITY OF CREVE COEUR, MISSOURI, | ) | |
| et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion to Compel [doc. #35]. A hearing was held on August 26, 2008, and the Court heard arguments from the Parties on the pending Motion.

Defendants ask that the Court compel Plaintiff to provide answers to interrogatories and produce documents. Defendants state that Plaintiff was served with their discovery requests on April 18, 2008, and that responses were due on May 21, 2008. Plaintiff requested a 21-day extension, which Defendants granted, however, Plaintiff did not respond by the extended deadline of June 9, 2008. Plaintiff responded to Defendants' Interrogatories on June 23, 2008, however, Defendants assert that these responses are inadequate as Plaintiff objected to many questions and provided complete responses only to two of the interrogatories. Defendants asked that Plaintiff provide proper responses to their interrogatory and production of document requests by July 11, 2008, and when responses were not received, asked that they be forwarded by July 31, 2008. Defendants then filed the pending Motion to Compel on August 4, 2008. Since the filing of the pending Motion, Plaintiff has provided two supplemental responses to Defendants.

Fed. R. Civ. P. 26(b)(1) provides that the Parties to an action "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Court has reviewed the interrogatories and requests for production, and finds that Plaintiff's answers and objections to Defendant's discovery requests fail to comply with this rule, and their supplementary responses are wholly inadequate. The Court compels Plaintiff to answer Interrogatories 3, 5, 7, 8, 10, 12, 13, 14, 15, 16, 17, 18 and 22. Additionally, the Court compels Plaintiff to provide the copies and documentation Defendants seek in their Requests for Production 2, 3, 23, 27, 32 and 33.[1] Plaintiff must complete the HIPPA release attached to Defendant's Requests for Production.

The Court also finds that an award of expenses and attorney's fees is appropriate in this instance. Defendant's discovery requests were served on Plaintiff over four months ago. Plaintiff asked for an extension of time to respond, then failed to respond by that extension, and when Plaintiff finally did respond, their answers were inadequate. Defendants challenged Plaintiff's initial response as "wholly inadequate, incomplete, evasive and contain[ing] canned and inappropriate objections," Defendants offered Plaintiff an additional eight days to supplement their response. When Plaintiff still had not supplemented his response one month later, Defendants filed the pending Motion.[2] Only after this Motion was filed did Plaintiff provide supplemental

---

[1] Request for Production 33 asks that Plaintiff complete and execute a Social Security Administration Consent for Release of Information. The Court compels Defendant to complete this form only if Plaintiff has applied for Social Security Disability Benefits.

[2] As the Court stated in the hearing on this Motion, the Court encourages the Parties to bring discovery disputes, such as this, to the Court in a more timely manner. The extensions Defendants gave Plaintiff were generous, however, the Court is concerned that the three-month delay in resolving this discovery request will result in the Parties later needing to extend the deadlines established in the Case Management Order. In the future, the Court asks that discovery disputes be brought to the Court in a more timely manner so that they can be dealt with expeditiously.

responses to Defendants, however, the Court's review of these supplemental responses demonstrates that Plaintiffs provided very little additional information in their responses. Defendants have submitted documentation of the expenses and attorney's fees they incurred in connection with this Motion to Compel. These expenses and attorney's fees amount to $5,682.50. The Court finds that these fees are reasonable, however, as Defendants waited to file this Motion until August 4, 2008, the Court will only award expenses and attorney's fees in the amount of $4,000.00 to Defendants.

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel [doc. #35] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax $4,000.00 against Plaintiff and in favor of Defendants.

Dated this <u>29th</u> Day of <u>August</u>, 2008.


_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE