UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV00946 ERW |
| ) | |
| CITY OF CREVE COEUR, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants St. Louis County, Colonel Lee, Sgt. Lassater and Police Officer Tomacek's Motion to Dismiss [doc. #30], Plaintiff's Motion to Reconsider Orders of September 18, 2008 and August 29, 2008 and Countermotion for Sanctions [doc. #49], Plaintiff's Motion for Extension of Discovery Deadlines [doc. #50] and Plaintiff's Supplemental Motion for Extension of Discovery Deadlines or in the Alternative for New Scheduling Order [doc. #52]. The Court heard arguments on documents 49, 50 and 52 at a hearing on November 3, 2008.

## I. BACKGROUND[1]

At all times relevant herein, John Doe ("Plaintiff") was an employee of the Creve Couer Police Department. On or about November 2005, Plaintiff brought suit against another individual for childhood sexual abuse. Plaintiff informed his superior, Police Chief John Beardslee ("Chief Beardslee"), of the pending action due to the potential for media coverage. Thereafter, Plaintiff alleges that Chief Beardslee began treating Plaintiff as if he was mentally disabled due to the alleged prior sexual abuse. Plaintiff states that he does not have, nor has ever had, a mental disability. Then, on or about December 31, 2005, Plaintiff alleges that his ex-girlfriend, who was

---

[1] These facts are from Plaintiff's Complaint [doc. #1].

well known to the Creve Couer Police Department, made false allegations that Plaintiff was suicidal and stated that she had a suicide note from Plaintiff. However, no such note existed and Plaintiff was not suicidal. St. Louis County Policemen, Unknown Lassater ("Defendant Lassater") and Unknown Thomeczek[2] ("Defendant Thomeczek") took the report and arrested Plaintiff. They then took him to a local hospital and executed a false affidavit, confining Plaintiff to the hospital. Upon being seen by a psychiatrist, Plaintiff was released from the hospital.

On January 4, 2006, Plaintiff alleges that his employment with the Creve Couer Police Department was terminated and that Chief Beardslee caused an Employee Safety Alert ("Alert") to be issued. This Alert indicated that Plaintiff exhibited the potential for suicide, and posed a threat to himself and others. Plaintiff alleges that this Alert was issued even though Chief Beardslee had actual or constructive knowledge that Plaintiff was not suicidal or homicidal. Plaintiff states that through this Alert, police officers were alerted that Plaintiff may be a threat, placing Plaintiff at risk of bodily injury. Plaintiff alleges that notwithstanding having knowledge of the falsity of the statements contained in the Alert, Defendants caused the Alert to be published, resulting in the Alert being placed in the Peace Officers Standards & Training (POST) state and national databases. Plaintiff alleges that the Alert, his termination, and the placement of the Alert in POST was all based upon false information forwarded from St. Louis County Police Officers to the Creve Coeur Police Department.

Plaintiff initiated this action as an employment law action on May 9, 2007, and later filed a separate lawsuit under 42 U.S.C. § 1983, alleging violations of his constitutional rights and claims

---

[2] Defendants assert that Plaintiff has misspelled Unknown Thomeczek's last name as Tomacek. The Court will spell this individual's name "Thomeczek."

under Missouri state law.[3] These cases were consolidated on June 19, 2008. Plaintiff has stipulated to the dismissal of the claims against many of the individuals listed as defendants in his § 1983 Complaint. Plaintiff's claims from his § 1983 Complaint remain pending against St. Louis County ("Defendant St. Louis County"), Jerry Lee[4] ("Defendant Lee"), Defendant Lassater and Defendant Thomeczek (collectively, "Defendants"). Under 42 U.S.C. § 1983, Plaintiff seeks to recover for Defamation (Count 1), False Imprisonment (Count 2), violation of his First, Fourth, Fifth and Fourteenth Amendment rights (Count 3), Invasion of Privacy (Count 5)[5], Tortious Interference with Business Expectancy (Count 6) and Injurious Falsehood (Count 7).

## II. RECONSIDER SANCTIONS AND NEW CASE MANAGEMENT ORDER

The Court heard arguments on Plaintiff's Motion to Reconsider Orders of September 18, 2008 and August 29, 2008 and Countermotion for Sanctions [doc. #49], Plaintiff's Motion for Extension of Discovery Deadlines [doc. #50] and Plaintiff's Supplemental Motion for Extension of Discovery Deadlines or in the Alternative for New Scheduling Order [doc. #52] at a hearing on November 3, 2008.

When these actions were consolidated, a scheduling order had already been entered in the employment law action, and the Court's Consolidation Order stated that "[a]ll deadlines set forth in the previously issued Case Management Order remain in effect." The Case Management Order set a discovery deadline of September 30, 2008. Although the Parties disagree over how much time is needed and what deadlines should be extended, they both agree that a new case

---

[3] The pending Motion to Dismiss only concerns the action brought pursuant to 42 U.S.C. § 1983.

[4] Defendant Lee is the Police Chief for the St. Louis County Police Department.

[5] Plaintiff's Complaint does not contain a Count 4.

3

management order is needed. The Court agrees, and a scheduling order taking into account the needs of both causes of action is detailed below.

In August, Defendants filed a Motion to Compel, and after a hearing, the Court found that Plaintiff's discovery responses were inadequate. In a Memorandum and Order dated August 29, 2008, the Court ordered Plaintiff to respond and awarded $4,000 to Defendants for attorney's fees and expenses. The Court later learned that Plaintiff had not complied, and issued a Memorandum and order on September 18, 2008. This Order stated that if Plaintiff failed to comply by September 22, 2008, dismissal of this action would be appropriate. At the hearing on November 3, 2008, Plaintiff asked that these two Orders be reconsidered, and asked for sanctions against Defendants. As the Court stated at the hearing, the Court still believes that Plaintiff's discovery responses were inadequate, and affirms the orders of September 18, 2008 and August 29, 2008 and denies Plaintiff's countermotion for sanctions.

### III. MOTION TO DISMISS

### A. STANDARD OF REVIEW

Defendants move to dismiss Plaintiff's claims for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must take all facts alleged in the complaint to be true and must construe the pleadings in the light most favorable to Plaintiff. *Chambers v. St. Louis County*, 247 F.App'x 846, 848 (8th Cir. 2007) (citing *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)). While a plaintiff does not have to "set out *in detail* the facts upon which he basis his claim," Fed. R. Civ. P. 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 127 S.

4

Ct. 1955, 1965 n.3 (2007) (emphasis in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The factual allegations contained in the pleadings must "raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 127 S. Ct. at 1959. "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* (internal citations and quotations omitted). Therefore, "the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

While Defendants state that they bring the pending Motion under Fed. R. Civ. P. 12(b)(6), they attached an affidavit with a certificate of insurance to their reply brief. Courts analyzing Fed. R. Civ. P. 12(b)(6) motions must exclude "matters outside the pleadings," or the motion is treated as a motion for summary judgment. Fed. R. Civ. P. 12(d). The Eighth Circuit has held that consideration of "any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings" will convert a motion into one for summary judgment. *Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.,* 187 F.3d 941, 948 (8th Cir.1999). The Eighth Circuit requires the exclusion of affidavits and other outside documents when a court considers a motion under Fed. R. Civ. P. 12(b)(6). *Blair v. Wills*, 420 F.3d 823, 826-27 (8th Cir. 2005). Because this outside material was submitted by the movant, and was not submitted until their reply brief, the non-movant was prevented from being able to respond to the affidavit. *Hamm,* 187 F.3d at 949; *Kaufman v. St. Louis S.I. Ltd.*, 18 F.3d 610, 612 (8th Cir. 1994). As a result, the affidavit and

certificate of insurance will not be considered by the Court, and the Court will not covert this motion into a motion for summary judgment.

## B. DISCUSSION

Defendants move to dismiss Plaintiff's claims based upon many different theories. The Court will analyze each theory separately.

### 1. *VENUE*

Defendants claim that Plaintiff "failed to allege proper grounds for venue."[6] Plaintiff's complaint states that "[v]enue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the employment practices alleged to be unlawful were committed within the jurisdiction." However, as stated above, this Complaint was filed not in the employment law action brought by Plaintiff, but in a separate suit alleging state law claims and the violation of Plaintiff's constitutional rights under 42 U.S.C. § 1983. It does not contain any employment law claims.

Venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, [or in] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). Here, not only do all Defendants reside in Missouri, but they all reside in the Eastern District of Missouri. Moreover, a substantial part of the alleged events occurred in the Eastern District of Missouri. Plaintiff has pled sufficient facts to demonstrate that venue is appropriate before this Court.

### 2. *FAILURE TO INDIVIDUALIZE ACTS OF EACH DEFENDANT*

Defendants assert that Plaintiff's claims should be dismissed because Plaintiff failed to individualize the acts of each named Defendant. The Eighth Circuit has affirmed dismissals of

---

[6] Defendants state that dismissal is appropriate under Fed. R. of Civ. P. 12(b)(6), however, motions to dismiss for incorrect venue are properly brought pursuant to Fed. R. Civ. P. Rule 12(b)(3).

claims when a plaintiff "failed to allege facts supporting any individual defendant's personal involvement or responsibility for the violations." *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999); *see also Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001). Defendants are correct that in the individual Counts of his Complaint Plaintiff refers to "defendants." However, Plaintiff specifically refers to each individual Defendant and details their personal involvement in the factual allegation section of his Complaint. As a result, the Court finds that Plaintiff's allegations are individualized, indicating each individual's personal involvement, giving "the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *N. States Power Co. v. Fed. Transit Admin.*, 358 F.3d 1050, 1056-57 (8th Cir. 2004) (internal citations omitted).

## 3.  *SOVEREIGN IMMUNITY*

Defendants assert that sovereign immunity bars Counts 1, 2, 5, 6 and 7 against Defendant St. Louis County and the individual Defendants in their official capacities. A sovereign such as Defendant St. Louis County is entitled to sovereign immunity for all tort claims except for those specifically waived. Mo. Rev. Stat. §§ 537.600-610. Missouri waives sovereign immunity in only three circumstances: (1) for injuries from negligent acts or omissions by public employees operating a motor vehicle; (2) for injuries caused by the condition of a public entity's property; and (3) when a public entity purchases liability insurance for tort claims other than those specifically exempted by statute. Mo. Rev. Stat. §§ 537.600-610. The first two exceptions are not applicable to Plaintiff's claims.

To satisfy the third exception, "a plaintiff must plead that the state entity has an insurance policy." *Martin v. Board of Police Com'rs of St. Louis City, Mo.*, 2008 WL 1732925, at *2 (E.D. Mo. April 10, 2008) (citing *Epps v. City of Pine Lawn*, 353 F.3d 588, 594 (8th Cir. 2003)).

Plaintiff has failed to plead the existence of an insurance policy, and as a result, this exception is not satisfied. Defendant St. Louis County is protected by sovereign immunity, and Plaintiff's state tort claims must be dismissed. As a result, Counts 1, 2, 5, 6 and 7 are dismissed against Defendant St. Louis County.

Defendants also assert that these claims should be dismissed against Defendants Lassater, Thomeczek and Lee in their official capacity. A lawsuit against a government official in his or her official capacity is treated as a suit against the state. *Hafer v. Melo*, 502 U.S. 21 (1991); *Spencer v. Knapheide Truck Equipment Co.*, 183 F.3d 902, 905 (8th Cir. 1999). As a result, Counts 1, 2, 5, 6 and 7 against Defendants Lassater, Thomeczek and Lee in their official capacity are dismissed because these individuals enjoy the same sovereign immunity as their employer.[7]

## *4.    COUNT 1:  FAILURE TO STATE A CLAIM*

Defendants Lassater and Thomeczek assert that Count 1, a Defamation claim, should be dismissed because Plaintiff has failed to plead facts meeting the elements of this claim. In a defamation claim, a plaintiff must establish: "1) publication, 2) of a defamatory statement, 3) that identifies the plaintiff, 4) that is false, 5) that is published with the requisite degree of fault, and 6) damages the plaintiff's reputation." *State ex rel. BP Products N. Am. Inc. v. Ross*, 163 S.W.3d 922, 929 (Mo. banc 2005). The Court has reviewed Plaintiff's Complaint, and finds that Plaintiff has adequately pled every element of this claim. Plaintiff alleges that Defendants Lassater and Thomeczek executed an affidavit. This affidavit meets the publication requirement, and Plaintiff alleges that it contained false information about the Plaintiff, that Defendants Lassater and Thomeczek knew it contained false information, and that Plaintiff's reputation was damaged.

---

[7] Plaintiff brought these claims against Defendants Lassater and Thomeczek in their official and individual capacities. Only the official capacity claims are dismissed; the individual capacity claims against these two Defendants remain.

8

Defendants Lassater and Thomeczek assert that dismissal is appropriate because Plaintiff's allegations relate to Chief Beardslee. While Chief Beardslee further propagated the information in the affidavit by placing the Alert on POST databases, the facts Plaintiff has pled state a claim for defamation independent of the actions of Chief Beardslee. Accordingly, Defendants' Motion must be denied. Count 1 remains pending against Defendants Lassater and Thomeczek in their individual capacities.

## 5. COUNT 2: FAILURE TO STATE A CLAIM

Defendants Lassater and Thomeczek assert that Count 2 of Plaintiff's Complaint, in which Plaintiff seeks to recover for False Imprisonment, should be dismissed because Plaintiff has failed to plead facts meeting the elements of this claim. To state a cause of action for false imprisonment, Plaintiff must plead "confinement, without legal justification, by the wrongdoer of the person wronged." *Gore v. Trans World Airlines*, 210 F.3d 944, 950 (internal citations omitted). "[T]he plaintiff bears the burden to demonstrate that the defendant's actions were done 'without legal justification.'" *Id.* The Parties dispute whether Plaintiff has met this burden.

In his Complaint, Plaintiff claims he was "confined, without legal justification, pursuant to a false affidavit presented by defendants." In response, Defendants Lassater and Thomeczek assert that their actions were justified by Missouri law as "a peace officer may take a person into custody for detention for evaluation and treatment for a period not to exceed ninety-six hours." Mo. Rev. Stat. 632.305. However, detention under this statute is only available when the "peace officer has *reasonable cause* to believe that such person is suffering from a mental disorder and that the likelihood of serious harm by such person to himself or others is imminent unless such person is immediately taken into custody." Mo. Rev. Stat. 632.305 (emphasis added).

Mo. Rev. Stat. 632.440 states that "no peace officer responsible for detaining a person

9

pursuant to this chapter . . . shall be civilly liable for investigating, detaining, transporting, conditionally releasing or discharging a person pursuant to this chapter . . . so long as such duties were performed in *good faith* and without gross negligence." Mo. Rev. Stat. 632.440 (emphasis added). Plaintiff's Complaint challenges the affidavit completed by Defendants Lassater and Thomeczek. Plaintiff alleges that the affidavit was executed in bad faith, without legal justification. Therefore, Plaintiff has satisfied the pleading requirements for this element of Count 2. The other elements of this claim are not in dispute, and this claim remains pending against Defendants Lassater and Thomeczek in their individual capacity.

6. *COUNT 3: FAILURE TO STATE A CLAIM*

In Count 3 of his Complaint, Plaintiff seeks to recover from all Defendants under 42 U.S.C. § 1983 for the violation of his First, Fourth, Fifth and Fourteenth Amendment rights. This statute establishes liability for those who "under color of any statute" deprive any citizen of his or her constitutional rights. 42 U.S.C. § 1983. Defendants assert that Count 3 should be dismissed against Defendant St. Louis County because Plaintiff has failed to allege that the deprivation of his rights was caused by a policy, custom or failure to train or supervise.

Defendant St. Louis County cannot be liable "under § 1983 on a respondent superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). However, liability can exist where a "policy or custom is the moving force behind a constitutional violation" or where training procedures or officer supervision is inadequate. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991); *Larkin v. St. Louis Housing Auth. Dev. Corp.*, 355 F.3d 1114, 1117 (8th Cir. 2004).

In his prayer for relief, Plaintiff asks that the Court "[i]ssue a declaratory judgment that the . . . practice and procedures of the defendants violated the rights of the plaintiff under § 1983."

10

However, Plaintiff has not named or introduced facts concerning any policy or custom of Defendant St. Louis. As a result, the Court must dismiss this Count 3 against Defendant St. Louis County. Count 3 remains pending against Defendants Lassater, Thomeczek and Lee. Plaintiff has requested leave to amend his Complaint. Plaintiff may seek leave to amend his Complaint pursuant to the terms of the scheduling order below.

6.     **COUNT 5: FAILURE TO STATE A CLAIM**

In Count 5 of his Complaint, Plaintiff seeks to recover for Invasion of Privacy from all Defendants. This tort "includes four separate causes of action: intrusion on the plaintiff's seclusion or private affairs, public disclosure of embarrassing private facts, publicly placing plaintiff in a false light, and appropriation of plaintiff's name or likeness for defendant's advantage." *Nemani v. St. Louis University*, 33 S.W.3d 184, 185 (Mo. banc 2000). In this action, Plaintiff seeks to recover for being placed in a false light. The Missouri Supreme Court has declined to recognize this tort where the Plaintiff seeks to recover for nothing more than "untrue statements that cause injury to reputation." *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 317 (Mo. banc 1993). The Missouri Supreme Court has found that a claim alleging untrue statements causing injury to one's reputation is properly brought as an action for defamation. *Id.* The Court has reviewed Plaintiff's Complaint, and in this Claim he is asserting that Defendants published false information. In Count 1 of Plaintiff's Complaint he seeks to recover for Defamation, and as a result, this Count is redundant as it does not state a false light invasion of privacy claim. Count 5 will be dismissed against all Defendants.

7.     **COUNT 6: FAILURE TO STATE A CLAIM**

In Count 6 of his Complaint, Plaintiff seeks to recover from Defendants Lassater and Thomeczek for Tortious Interference with a Business Expectancy. The elements of this tort "are:

11

(1) a contract or valid business relationship or expectancy; (2) the defendant's knowledge of the contract or relationship; (3) intentional interference by the defendant causing or inducing a breach of the contract or relationship; (4) the absence of justification; and (5) damages resulting from the conduct of the defendant." *Hertz Corp. v. Raks Hospitality, Inc.*, 196 S.W.3d 536, 549 (Mo. Ct. App. 2006). Defendants Lassater and Thomeczek assert that Plaintiff has failed to plead the third and fourth elements of this tort.

In his Complaint, Plaintiff states that Defendants Lassater and Thomeczek arrested Plaintiff and filed a false affidavit in order to confine him in a local hospital, that three days later Plaintiff's employment was terminated, and that "[a]s a direct and proximate result of the conduct of defendants . . . plaintiff suffered grievous injury and damage." These representations are sufficient to demonstrate causation, and satisfy the pleading requirements for the third element of this tort. Additionally, Plaintiff's Complaint states that Defendants "intentionally interfered with that business relationship without justification." This language has been considered by other courts, which concluded that it met pleading requirements for the fourth element of this tort. *See Kantel Communications, Inc. v. Casey*, 865 S.W.2d 685, 691-92 (Mo. Ct. App. 1993). Therefore, Plaintiff has not failed to state a claim for the Tortious Interference with a Business Expectancy. This claim escapes Defendants' Motion to Dismiss.

8.  *COUNT 7: FAILURE TO STATE A CLAIM*

In Count 7, Plaintiff brings a claim for Injurious Falsehood against Defendants Lassater and Thomeczek. A defendant may be liable for this tort if they:

> [publish] a false statement harmful to the interests of another . . . [and] (a) he intends for publication of the statement to result in harm to interests of the other having a pecuniary value, or either recognizes or should recognize that it is likely to do so, and (b) he knows that the statement is false or acts in reckless disregard of its falsity.

12

*Annbar Assocs. v. Am. Express Co.,* 565 S.W.2d 701, 706 (Mo. Ct. App. 1978) (quoting Restatement (Second) of Torts § 623A). Defendants Lassater and Thomeczek assert that Plaintiff has failed to plead that they made a publication.

In *Wandersee v. BP Products N. Am., Inc.*, the publishing requirement was met by the filing a false police report. 263 S.W.3d 623, 630 (Mo. 2008). In this action, Defendants Lassater and Thomeczek allegedly executed a false affidavit committing Plaintiff to the hospital. The Court finds that this action is sufficient to meet the publication requirement, and as a result, Plaintiff has adequately plead the elements for injurious falsehood. *Id.*

### 9. *ATTORNEY'S FEES*

In his Complaint, Plaintiff requests that the Court award him reasonable attorney's fees, costs and expenses. Defendants assert that Plaintiff is barred from recovering these items. Attorneys fees, costs and expenses are recoverable by prevailing parties under 42 U.S.C. § 1983. Defendants' Motion will be denied, as premature. *See* 42 U.S.C. § 1988; *See also Tinder v. Lewis County Nursing Home Dist.*, 207 F.Supp.2d 951, 960 (E.D. Mo. 2001).

### C. CONCLUSION

The Court will dismiss Defendants Lee, Lassater and Thomeczek in their official capacities and Defendant St. Louis County, from Counts 1, 2, 6 and 7. Count 3 is dismissed against Defendant St. Louis County. Additionally, the Court dismisses Count 5 against all Defendants. In all other respects, Defendants' Motion to Dismiss will be denied. As a result, Counts 1, 2, 6 and 7 remain pending against Defendants Lassater and Thomeczek in their individual capacities. Count 3 remains pending against Defendants Lassater, Thomeczek and Lee.

Accordingly,

13

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [doc. #30] is **GRANTED, in part** and **DENIED, in part**. It is **GRANTED** as to Counts 1, 2, 6 and 7 against Defendants Lee, Lassater and Thomeczek in their official capacities and Defendant St. Louis County. It is **GRANTED** as to Count 5 against all Defendants and as to Count 3 against Defendant St. Louis County. All Counts against Defendant St. Louis County are therefore dismissed. Still pending before the Court are Counts 1, 2, 6 and 7 against Defendants Lassater and Thomeczek in their individual capacities and Count 3 remains against Defendants Lassater, Thomeczek and Lee.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reconsider Orders of September 18, 2008 and August 29, 2008 and Countermotion for Sanctions [doc. #49] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Discovery Deadlines [doc. #50] and Plaintiff's Supplemental Motion for Extension of Discovery Deadlines or in the Alternative for New Scheduling Order [doc. #52] are **GRANTED.** The Court orders the following scheduling plan:

I. This case has been assigned to Track 2 (Standard).

II. All motions for joinder of additional parties or for amendment of pleadings shall be filed no later than **December 31, 2008**.

III. Disclosure shall proceed in the following manner:

   a. The parties shall make all disclosures required by Fed. R. Civ. P.26(a)(1) no later than **December 19, 2008**.

   b. Plaintiff shall disclose all expert witnesses and shall provide the reports required by Fed. R. Civ. P. 26(a)(2) no later than **March 2, 2009**, and shall make

expert witnesses available for depositions, and have depositions completed, no later than **March 31, 2009**.

c. Defendant shall disclose all expert witnesses and shall provide the reports required by Fed. R. Civ. P. 26(a)(2) no later than **April 20, 2009**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **May 22, 2009**.

d. The presumptive limits of ten (10) depositions per side as set forth in Fed. R. Civ. P. 30(a)(2)(A) and twenty-five (25) interrogatories per party as set forth in Fed. R. Civ. P. 33(a) shall apply.

e. Requests for physical or mental examinations of parties pursuant to Fed. R. Civ. P. 35 shall be made no later than **April 1, 2009**, and any examinations shall be completed no later than **May l, 2009**.

f. The parties shall complete <u>all</u> discovery no later than **June 1, 2009**.

g. Motions to compel shall be pursued in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above.

4. This case shall be referred to Alternative Dispute Resolution on **April 1, 2009**, and said referral shall terminate on **June 30, 2009**.

5. Any motions to dismiss, motions for summary judgment or motions for judgment on the pleadings must be filed no later than **July 6 , 2009**. Briefs in opposition shall be filed within twenty (20) days and any reply briefs shall be filed within five (5) days thereafter.

6. The final Pretrial Conference will be held on **October 2, 2009**, at **9:30 a.m.** in Courtroom 12 South of the U.S. District Court.

Additionally, the Court makes the following orders related to trial:

This action is set for a **JURY** trial on **October 13, 2009**, at **8:30 a.m.** in Courtroom 12 South of the U.S. District Courthouse. This is a **three** week docket. Pursuant to Local Rule 8.04 the court may tax against one or all parties the per diem, mileage, and other expenses of providing a jury for the parties, when the case is terminated or settled by the parties at a time too late to cancel the jury attendance or to use the summoned jurors in another trial, unless good cause for the delayed termination or settlement is shown.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:**

I. <u>Stipulation</u>: Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

II. <u>Witnesses</u>:

a. Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

b. Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

III. <u>Exhibits</u>:

a. Mark for identification all exhibits to be offered in evidence at the trial (Plaintiff shall mark exhibits P-1, P-2, P-3, etc. Defendants shall mark exhibits D-1, D-2, D-3, etc.) and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed. R. Evid 902(11) or 902(12).

b. Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11)or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

c. All written exhibits, exceeding one page, in documentary form to be offered in evidence that will be shown to the jury must be accompanied by an exact duplicate for each juror. (**This does not apply to exhibits shown electronically**.) No exhibit shall be shown to the jury in opening statements or at any other time until it is received in evidence or the Court has granted permission for the exhibit to be shown to the jury.

d. Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objections not made in writing **at least fifteen (15) days prior to trial** may be considered waived.

IV. Depositions, Interrogatory Answers, and Request for Admissions:

a. Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. **At least fifteen (15) days before trial,** opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

b. Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

V. <u>Instructions</u>:

a. Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions **at least fifteen (15) days before trial** in light of opposing party's requests for instructions. (Each request must be supported by at least one pertinent citation.)

b. Eighth Circuit Jury Instructions <u>will</u> be used in all cases if available. If instructions from any other source are proffered, they must be accompanied by case authority.

c. Parties shall submit a "clean" copy and a "dirty" copy of each instruction proffered. A "clean" copy for the jury will reflect only "Instruction No. ____" at the top with no further explanatory comments at the top or bottom of the page.

VI. <u>Trial Brief</u>: Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

VII. <u>Motions In Limine</u>: File all motions in limine to exclude evidence, <u>and submit a courtesy copy directly to the Court's chambers</u>, **at least fifteen (15) days before trial.**

Failure to comply with any part of this scheduling order may result in the imposition of sanctions.

Dated this <u>21st</u> Day of <u>November</u>, 2008.

*[signature]*
_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE