UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV00946 ERW |
| ) | |
| CITY OF CREVE COEUR, MISSOURI, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Protective Order [doc. #62]. A hearing was held on January 21, 2009, and the Court heard arguments from the Parties on this Motion.

**I.  DISCUSSION**

While the Parties agree that a protective order is necessary to protect some of the information that will be produced during the discovery phase of this action, they disagree over the proper scope of the protective order. Protective orders may be ordered pursuant to Fed. R. Civ. P. 26(c), and are an appropriate means by which confidential information can be protected. *See Estate of Trentadue ex rel Aguilar v. United States*, 397 F.3d 840, 865 (10th Cir. 2005). If, in the future, either Party seeks to discover information believed to be confidential that is not encompassed by this order, a motion may be filed for either the expansion of this order or the promulgation of a new protective order.

Accordingly,

**IT IS HEREBY ORDERED** that the Parties shall work together to schedule all depositions prior to the close of discovery, which is currently set for **June 1, 2009.** The Parties must submit their deposition schedule to the Court on or before **January 28, 2009.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Protective Order [doc. #62] is **GRANTED, in part,** and **DENIED, in part**. The Court hereby enters the following protective order:

**1.** All documents, data, interrogatory answers, admissions or other discovery materials produced or obtained as a result of discovery in the Actions (including deposition transcript pages as designated pursuant to paragraph 6 herein, and including discovery obtained from third parties) containing or comprising:

**a.** Confidential personnel information of employees (which term is intended to cover former and current employees of St. Louis County, the City of Creve Coeur, the individual defendants and Plaintiff);

**b.** Confidential medical records, financial records, therapy and psychiatric records and related information of Plaintiff or Defendants; and

**c.** Plaintiff's name; and

**d.** Information revealing the identity of the person alleged by Plaintiff to have sexually abused him as a child and information describing the alleged sexual abuse by said individual

shall be considered CONFIDENTIAL INFORMATION, subject to this Protective Order if *designated by any Party as "Confidential"* in some manner.

**2.** Any and all medical, psychiatric, psychological or other records of any kind whatsoever that carry the name of the individual who sexually abused Plaintiff as a child

2

and against whom Plaintiff filed a lawsuit, shall be considered confidential *per se* without further designation. Said records shall be "**attorney's eyes only**" and may not be disclosed to anyone, including clients, experts and court personnel, until the records have been redacted.

**3.** In the event, at any stage of the proceedings, any Party to the Actions disagrees with designation of any information as CONFIDENTIAL INFORMATION the Parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally within five (5) business days after the designating Party's receipt of a written notice objecting to such designation (or such later time as the Parties may agree), the designating Party must file an appropriate Motion for Inclusion in Protective Order with the Court requesting that the designated discovery material be treated as CONFIDENTIAL INFORMATION. The Party seeking confidentiality of the information shall have the burden of establishing that the information is entitled to confidential treatment. During the pendency of the Motion for Inclusion in Protective Order, the Parties shall treat the information as CONFIDENTIAL INFORMATION. However, if no motion is filed with the required time, the designated information shall no longer be treated as CONFIDENTIAL INFORMATION except the ATTORNEYS EYES ONLY information set forth in Paragraph 2. That information shall retain its confidential character at all times.

**4.** The Parties to this Protective Order shall not disseminate or disclose information or material designated "Confidential" except as set forth herein. The disclosure of CONFIDENTIAL INFORMATION shall be limited to the Parties, counsel for the Parties, counsel's investigators and legal and clerical assistants, and those categories of persons

listed in Paragraph 5 below who are necessary to the prosecution or defense of the Actions.

**5.** CONFIDENTIAL INFORMATION may be disclosed to the following persons on a need-to-know basis:

**a.** Potential witnesses at deposition or trial, and the witnesses' counsel, if CONFIDENTIAL INFORMATION is reasonably necessary and related to their anticipated testimony, provided that they are provided with a copy of this Protective Order and agree to be bound by its terms;

**b.** The Court, including any agent of the Court and any court reporter used during depositions;

**c.** Any non-retained expert, or any person retained or anticipated to be retained by any Party or their counsel for the sole purpose of providing expert testimony in the Actions (or acting as a consulting expert in the Actions) and such person's investigators, and professional and clerical assistants if CONFIDENTIAL INFORMATION is reasonably necessary and related to their anticipated testimony or consultation or advisory services, provided that they are provided with a copy of this Protective Order and agree to be bound by its terms; and,

**d.** Parties.

**6.** Deposition testimony containing or reflecting CONFIDENTIAL INFORMATION is to be governed by the terms of this Protective Order. All deposition testimony shall be deemed confidential for a period of thirty (30) days after counsel's receipt of a copy of the transcript. The Parties shall identify those portions, if any, of the deposition which are to remain confidential within thirty (30) days of receipt of the transcript. In the case of a

Party or witness known only by initials pursuant to court order or to protect the identity of a Party, the Party seeking to keep a name confidential shall cause the Court Reporter to replace any names of such individuals in the deposition transcript with appropriate initials, including the individual who sexually abused the Plaintiff as a child as set forth in Paragraph 2 above. Any videotaped depositions taken of individuals identified only by initials shall remain confidential unless the Party producing or who subpoenas such witness or Party either redacts identifying information from the deposition or gives permission for its use.

**7.** Any and all documents or discovery responses claimed confidential by a Party shall be identified as such by stamping or labeling each page of the document or discovery response claimed confidential with the word "Confidential" or, in the case of documents produced by a third Party, by designating in writing the Bates numbers of documents considered confidential.

**8.** Upon the final disposition of any above-referenced case, whether by dismissal, settlement, judgment or appeal, either Party may, by written request to counsel for the other Party, request that certain or all CONFIDENTIAL INFORMATION be returned within 60 days, and that all notes or other records revealing CONFIDENTIAL INFORMATION be destroyed.

**9.** If a Party wishes to use any CONFIDENTIAL INFORMATION in any affidavits, briefs, memoranda of law, oral argument, or other papers filed in this Court in these Actions, such papers or transcript must be filed under seal.

**10.** Nothing in this Protective Order shall be deemed to limit the extent to which counsel for the Parties may advise or represent their respective clients, conduct discovery,

prepare for trial, present proof at trial, or oppose the production or admissibility of any information or documents which have been requested.

**11.** The execution of this Protective Order shall not be construed as an agreement by any Party to produce or supply any information, as a waiver by any Party of its right to object to any discovery sought by any other Party or as a waiver of any privilege. Production, receipt or designation of information pursuant to this Protective Order as CONFIDENTIAL INFORMATION shall not be construed as a concession by any Party that such information is relevant or material to any issue in the Actions.

**12.** It being understood by the Parties to the Actions that certain CONFIDENTIAL INFORMATION may constitute valuable information, this Court may impose appropriate sanctions for any violation of this Protective Order.

**13.** In the event that a non-designating Party receives any subpoena or process pertaining to any CONFIDENTIAL INFORMATION, it will immediately notify counsel for the other Parties. No Party receiving such a subpoena or process shall furnish copies of CONFIDENTIAL INFORMATION to, or permit inspection thereof by, the person seeking the CONFIDENTIAL INFORMATION by subpoena or process, except pursuant to the consent of the other Parties or an order of a court of competent jurisdiction.

**14.** Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim as to its confidential nature or stop a Party from designating said document or information as CONFIDENTIAL INFORMATION at a later date. Disclosure of said document or information by any Party prior to such later designation shall not be deemed a violation of the provisions of this Protective Order.

**15.** This Protective Order shall remain in full force and effect until such time as it is modified, amended or rescinded by the Court or until such time as the Parties may petition the Court to modify or amend its terms.

Dated this 22nd Day of January, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE