UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV00946 ERW |
| ) | |
| CITY OF CREVE COEUR, ) | |
| MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants St. Louis County, Lee, Lasater and Thomeczek's First Motion to Compel Discovery [doc. #77] and Plaintiff's Motion for Protective Order to Terminate Deposition or Allow No More Than an Additional 1½ Hours [doc. #78]. A telephone hearing was held on February 26, 2009, and the Court heard arguments from the Parties on the pending Motions.

Defendants St. Louis County, Jerry Lee, Thomas Lasater, and Michael Thomeczek ("Defendants") request that the Court compel Plaintiff John Doe ("Plaintiff") to submit to continued questioning in a deposition for an additional six (6) hours and to provide all testimony requested by Defendants with respect to his sexual abuse lawsuit. Plaintiff requests that the Court issue a Protective Order, limiting the deposition of Plaintiff and preventing Defendants from asking questions about the sexual abuse lawsuit.

Federal Rule of Civil Procedure 30(d)(1) provides: "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional

time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." In this case, for the purpose of discovery only, the Court will treat Plaintiff's case against the City of Creve Coeur (and others) and his case against St. Louis County (and others) as two separate cases. Thus, although the City of Creve Coeur has already deposed Plaintiff for more than seven hours, Defendants will also be permitted to depose Plaintiff for up to seven hours total, as provided by Rule 30(d)(1). The Court notes, however, that it may not be necessary to spend the entire seven hours on the deposition of Plaintiff and, should Defendants abuse the time allotted to them, the Court will not hesitate to issue sanctions.

With respect to the documents related to Plaintiff's sexual abuse lawsuit, the Court finds it appropriate to engage in an in-camera review of all related documents, to determine whether Defendants may properly inquire into the matter. Thus, Plaintiff shall supply the following documents to the Court for review: all pleadings; all formal and informal documents that may be considered to be discovery documents; and all settlement documents. The Court will reserve ruling on Defendants' request for testimony regarding the sexual abuse lawsuit and Plaintiff's request to prevent Defendants from asking questions about the lawsuit until the documents have been adequately reviewed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants St. Louis County, Lee, Lasater and Thomeczek's First Motion to Compel Discovery [doc. #77] is **GRANTED, in part**. Defendants' request for additional time to depose Plaintiff is **granted** and Defendants will be permitted to depose Plaintiff for a period of up to seven hours total. Defendants' request for testimony

regarding the sexual abuse lawsuit is **held in abeyance**, pending the Court's in camera review of related documents.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Protective Order to Terminate Deposition or Allow No More Than an Additional 1½ Hours [doc. #78] is **DENIED, in part**. While Plaintiff's request for a Protective Order limiting the length of his deposition is denied, his request to prohibit Defendants from asking questions about the sexual abuse lawsuit is **held in abeyance**, pending the Court's in-camera review of related documents.

**IT IS FURTHER ORDERED** that Plaintiff shall promptly submit to the Court the following documents related to his sexual abuse lawsuit: all pleadings; all formal and informal documents that may be considered to be discovery documents; and all settlement documents.

Dated this 27th Day of February, 2009.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE