UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOHN DOE H.M.,                          )
                                        )
          Plaintiff,                    )
                                        )
     vs.                                )          Case No. 4:07CV00946 ERW
                                        )
CITY OF CREVE COEUR, MISSOURI,          )
et al.,                                 )
                                        )
          Defendants.                   )

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants St. Louis County, Lee, Lasater and

Thomeczek's Motion for Mental Examination of the Plaintiff [doc. #82], Plaintiff's Motion for

Protective order to Prevent the Deposition of Any of John Doe HM's Daughters [doc. #83] and

Motion of Non-Party A.B. to Intervene for Purpose of Quashing or Limiting Discovery and for

Protective Order [doc. #91].  A hearing was held on April 15, 2009, and the Court heard

arguments from the Parties on these Motions.

**I.     MOTION FOR MENTAL EXAMINATION OF THE PLAINTIFF [doc. #82]**

These Defendants assert that Plaintiff has placed his mental state at issue in this lawsuit by

requesting damages such as emotional distress, embarrassment, loss of enjoyment of life, loss of

earning, and ongoing psychological injuries.  They assert that a mental exam is necessary to

determine the nature and extent of his injuries because Plaintiff is seeking to recover for similar

injuries from the other Defendants in this action, and has sought to recover for similar injuries in

other lawsuits.  Plaintiff opposes this exam, and asks that the Court limit the duration and scope

of any exam that is ordered.

The Court finds that Plaintiff's mental state is at issue, and a mental examination is appropriate under Fed. R. Civ. P. 35. As was discussed at the hearing, this exam is to be conducted over two days, with the first day consisting of testing not to exceed four hours, and the second day consisting of an examination not to exceed three hours. The Court will not impose any limit upon the topics that may be discussed at the examination, however, if the Court learns that the examination was abusive, limits will be imposed upon the use of the examination at trial. The Court orders that a tape recording be made of both days of examinations. Plaintiff's counsel should inspect the recorder to ensure that it is working properly and is of sufficient capacity to record the entire examination.

## II. MOTION FOR PROTECTIVE ORDER TO PREVENT DEPOSITION OF PLAINTIFF'S DAUGHTERS [doc. #83]

Plaintiff asks that the Court bar Defendants from deposing his daughters. However, the Court finds that it is deposition is permitted under Fed. R. Civ. P. 30(a)(1), and Defendants are entitled to take these depositions. However, these children may be deposed for only thirty minutes each, exclusive of objections.

The Court encourages Defendants' counsel to be careful in these depositions, as their purpose is to secure information and not embarrass these children or damage family relationships. Due to the sensitivity of the issues involved, the Court will appoint a guardian ad litem to represent the children at their depositions. The Court asks that the Parties suggest a guardian ad litem within ten days of this Memorandum and Order, however, if the Parties are unable to reach an agreement, the Court will appoint the guardian ad litem for the children.

## III. MOTION OF NON-PARTY A.B. TO INTERVENE [doc. #91]

A.B. sexually abused Plaintiff as a child, and Plaintiff and A.B. recently entered into a settlement agreement that contains a strict confidentiality provision. Plaintiff's claims are peripherally related to the abuse allegations, and the fact that Plaintiff's sexual abuse lawsuit was pending at the same time as events that are important to this litigation may be relevant to the emotional damages Plaintiff seeks, however, the identity of A.B. has no relevance to this lawsuit.

Defendants sought information related to Plaintiff's sexual abuse litigation to determine whether Plaintiff claimed damages that were similar to the damages he seeks to claim in this action. The Court ordered a redacted complaint from this lawsuit to be disclosed to Defendants pursuant to the confidentiality requirements in the settlement agreement. Upon notification of the proposed disclosure, Defendant A.B. filed this Motion. In this Motion, Defendant A.B. asks that the Court redact certain parts of the amended complaint, asks that counsel for A.B. be permitted to attend future depositions in this case, asks that counsel for A.B. be permitted to review depositions and the results of the mental exam before they are released to ensure that A.B.'s identity is not disclosed, and for other accommodations to protect A.B.'s identity.

The Court agrees that redacting the parts of paragraph 7, 21 and 28, that were discussed at the hearing is appropriate as the redaction of this information would protect A.B.'s identity, and would not prejudice any party to this litigation. A.B.'s counsel is responsible for ensuring that this redaction is made in compliance with the Court's directives, and ensuring that the complaint is disclosed to the Parties within ten days of the memorandum and order. The Court will not permit A.B.'s counsel to attend these depositions or the mental examination of Plaintiff. However, the Court will permit A.B.'s counsel to review deposition transcripts and the report from the mental examination to ensure that nothing needs to be redacted prior to the release of these documents to the public. The court reporter shall forward a copy of any deposition to Eric

Sowers, at 1401 S. Brentwood Blvd., Suite 575, St. Louis MO 63144, at the same time copies are sent to counsel of record in this case. If any material appears prejudicial to A.B., Mr. Sowers shall immediately notify the Court and counsel of record in this case. If there is no objectionable material, Mr. Sowers shall notify the Court and counsel of record in this case. If there are no objections by Mr. Sowers, the depositions may be used for any purpose allowed by law.

Additionally, at the hearing, counsel for Defendants noted that he had located a note from the initial Rule 26 disclosures that contained A.B.'s name. The Parties agreed to disclose the note to A.B.'s counsel, and redact the name for the purposes of this litigation.


Accordingly,

**IT IS HEREBY ORDERED** that Defendants St. Louis County, Lee, Lasater and Thomeczek's Motion for Mental Examination of the Plaintiff [doc. #82] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Protective order to Prevent the Deposition of Any of John Doe HM's Daughters [doc. #83] is **DENIED.** The Parties shall propose a guardian ad litem within ten days of this Memorandum and Order.

**IT IS FURTHER ORDERED** that Motion of Non-Party A.B. to Intervene for Purpose of Quashing or Limiting Discovery and for Protective Order [doc. #91] is **GRANTED, in part,** and **DENIED, in part.**

Dated this 22nd Day of April, 2009.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

4