UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE HM, *an individual*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV00946 ERW |
| ) | |
| CITY OF CREVE COEUR, MISSOURI, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants St. Louis County, Lee, Lasater and Thomeczek's Second Motion to Compel Discovery [doc. #97]. A hearing was held on May 14, 2009, and the Court heard arguments from the Parties on the pending Motion.

Prior to filing this lawsuit, Plaintiff was involved in an action against an alleged sexual abuser. Defendants seek to discover information related to this prior litigation. The Court issued a Memorandum and Order dated February 27, 2009, requiring Plaintiff to submit to the Court all documents related to his prior sexual abuse lawsuit, including: pleadings, all formal and informal documents that may be considered to be discovery documents, and all settlement documents.

The Court received the materials from the sexual abuse lawsuit on March 5, 2009, and conducted an *in camera* review. After reviewing these documents, the Court issued an order on March 9, 2009. The Court found that the disclosure of Plaintiff's First Amended Petition would be appropriate because it would provide Defendants with information on the damages Plaintiff sought in his prior lawsuit, resolving Defendants' concern that Plaintiff's current claims might mirror those claims from his previous lawsuit. The Court stated that it "examined the entire file thoroughly and notes that there is no information, in the Court's judgment, that could be relevant

to the issues in the present case that will not be produced." The Court ordered that the disclosure must be done in compliance with the confidentiality order established in the sexual abuse lawsuit. Upon notice of the disclosure of this the First Amended Petition, counsel for the defendant from the sexual abuse case intervened in this action.

In the Court's Memorandum and Order dated February 27, 2009, the Court also granted Defendants' request that Plaintiff be compelled to submit to a second deposition. Defendants scheduled this deposition for March 5, 2009. As a result, this deposition occurred prior to Defendants' receipt of the First Amended Petition. Defendants asked Plaintiff questions related to the sexual abuse lawsuit at this deposition, but now seek additional documents related to the sexual abuse case, and ask for leave to depose Plaintiff again. Defendants state that this deposition is needed to delineate the damages that overlap between the two actions.

The Federal Rules provide that the Parties to an action "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). At the hearing, the Parties determined that the only document at issue is the settlement agreement from the sexual abuse lawsuit. The Court reviewed this document in March and determined that it was not relevant, and the Court's inquiry today requires the same result. The settlement agreement is not "relevant to any party's claim or defense" and it will not "lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The disclosure of the settlement agreement is not appropriate at this juncture.

Defendants were responsible for scheduling Plaintiff's second deposition prior to the Court's Memorandum and Order releasing the First Amended Petition. However, the Court agrees that Defendants should have a limited opportunity to question Plaintiff in order to identify

and delineate the damages Plaintiff claimed in his sexual abuse lawsuit, and the damages Plaintiff claims in this action.

**IT IS HEREBY ORDERED** that Defendants St. Louis County, Lee, Lasater and Thomeczek's Second Motion to Compel Discovery [doc. #97] is **GRANTED, in part.** Defendant may depose Plaintiff for one (1) hour over the damages issues raised in the First Amended Petition. In all other respects, this Motion is **DENIED.**

**IT IS FURTHER ORDERED** that if the Parties are unable to reach an agreement on the issues raised in Defendants' Motion for Leave to Extend the Ten-Deposition Limit and Discovery Cut-Off Date [doc. #102], they shall notify the Court by 12:00 p.m. on May 20, 2009.

Dated this <u>14th</u> Day of <u>May</u>, 2009.

                                                 E. RICHARD WEBBER
                                                 UNITED STATES DISTRICT JUDGE