# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

**JOHN DOE HM**, an individual,      )
                                          )
          Plaintiff,           )
                                          )
v.                                   )      4:07-CV-00946-ERW
                                          )
**CITY OF CREVE COEUR**, et al.,    )
                                          )
          Defendants.        )

## AFFIDAVIT OF PATRICK TWARDOWSKI

I, Patrick Twardowski, being duly sworn upon my oath, do depose and state as follows:

1. I am Patrick Twardowski and am over eighteen (18) years of age. I have personal knowledge of the matters set forth herein.

2. I was the Chairman of the St. Louis County Board of Police Commissioners (Police Board) before and including December 31, 2005.

3. I had served on the Police Board since 1991 and had begun my chairmanship of the Police Board in 2005.

4. As chairman of the Police Board, I exercised the duties and obligations of Police Board chairman and Police Board member, as set for in Article IV, Section 4.270 of the St. Louis County Charter.

5. The Police Board is established by the St. Louis County Charter, Article IV, Section 4.270 of the St. Louis County Charter.

1



6.     The Police Board is in charge of the operation of the St. Louis County Police Department (Police Department).

7.     Pursuant to the St. Louis County Charter, Section 4.270, the Police Board is vested with the authority to establish the policies of Police Department.

8.     The Police Board is the final policy maker for the Police Department, pursuant to Section 4.270 of the St. Louis County Charter.

9.     The policies established by the Police Board govern the operation and conduct of the Police Department.

10.    Specifically, the Police Board establishes the rules and regulations for the qualifications, conduct and discipline of Police Department employees, including police officers.

11.    The Police Board cannot delegate its policy-making authority for the Police Department.

12.    The Police Board has never delegated its policy-making authority for the Police Department.

13.    The Police Board has never delegated its policy-making authority to St. Louis County police officers.

14.    The Police Board, as policy maker for Police Department, promulgates and establishes the Police Department's General Orders.

15.    The Police Board promulgated and established General Order 03-86 regarding the Crisis Intervention Team for the Police Department which includes directions to police officers with respect to transportation of persons in accordance with Division of Patrol Procedure "Care and Transportation of the

2

Mentally Ill" and contains various reporting requirements.  General Order 03-86 requires a police officer to formulate an appropriate response when dealing with a person or consumer who may be a "danger to himself or others." General Order 03-86 was in effect on December 31, 2005.

16.   The Police Board promulgated and established General Order 04-81 requiring that "all investigative detentions, traffic stops, arrests, search and seizures … [by police officers] be based on a standard of "reasonable suspicion" or "probable cause" as required by the Fourth Amendment of the U.S. Constitution and statutory authority".  General Order 04-81 was in effect on December 31, 2005.

17.   During the time that I had served on the Police Board, up until December 31, 2005, I had never received information or had knowledge that a St. Louis County police officer violated General Orders 03-86 and 04-81 with respect to an involuntary commitment, that there were any problems with these policies, or that any St. Louis County Police Officer violated any federally protected right of any person that was evaluated for an involuntary commitment or actually involuntarily committed. .

18.   The St. Louis County & Municipal Police Academy (Police Academy) provides comprehensive training to police officers hired by St. Louis County and with respect to General Orders 03-86 and 04-81.

19.   The Police Board had no knowledge of any inadequacy, deficiency or illegality in its training of St. Louis County police officers with respect to involuntary commitments.

3

20.     The Police Board had never made a conscious choice not to provide additional training to St. Louis County police officers for any topic, and specifically for dealing with involuntary commitments or interactions with mentally disturbed individuals.

21.     No illegality, inadequacy or deficiency in the training of St. Louis County police officers or in any policy, customs or practice of St. Louis County was made known to the Police Board by former Chief Lee or anyone else during my tenure on the Board up until December 31, 2005 with respect to involuntary commitments.

22.     Up until and including December 31, 2005, I did not know of any complaints by anyone against any St. Louis County police officer, including against police officers Michael Thomeczek and Thomas Lasater, for issues related to involuntary commitments of citizens, including involuntary commitment affidavits and investigations.

23.     Up until and including December 31, 2005, I had no knowledge of any policy, custom or practice of the Police Department that relaxed the legal standards for committing and/or seeking to commit individuals into hospitals, relaxed the legal standards for the accuracy of affidavits executed in order to commit/retain/hold an individual against his or her will, required officers to refuse to consider evidence of an officer's testimony in seeking to commit the officer against his or her will, relaxed the legal standard for what constitutes probable cause to stop, arrest and/or commit an individual when the evidentiary basis for probable cause is supplied by an employee or former

4

employee of a police department, and/or relaxed the prohibition against making false reports to police officers where the individual making the false report is an employee or former employee of a police department.

24. Up until and including December 31, 2005, there were no training courses at the Police Academy that instructed police officers to relax the legal standards for committing and/or seeking to commit individuals into hospitals, to relax the legal standards for the accuracy of affidavits executed in order to commit/retain/hold an individual against his will, to refuse to consider evidence of an officer's testimony in seeking to commit the officer against his or her will, to relax the legal standard for what constitutes probable cause to stop, arrest and/or commit an individual when the evidentiary basis for probable cause is supplied by an employee or former employee of a police department, and/or to relax the prohibition against making false reports to police officers where the individual making the false report is an employee or former employee of a police department.

25. Up until and including December 31, 2005, I was believed that the Police Department adequately trained the St. Louis County police officers in the legal standards for committing and/or seeking to commit individuals into hospitals, for the accuracy of affidavits executed in order to commit/retain/hold an individual against his will, for the weighing of evidence gained in an investigation including one in which an involuntary commitment is sought, for probable cause in all situations including involuntary

commitments, and/or for investigating crimes including those for false arrest when a complaint is made.

26.    Up until and including December 31, 2005, I had no knowledge of any inadequacy or deficiency including the need for more training, with respect to: the execution of affidavits in seeking to commit or hold an officer or anyone against his or her will, the weighing of testimony, even an officer's testimony, the seeking to commit or hold an officer or anyone against his or her will, the discounting of information supplied by a third party where that information is proven to be false when seeking to commit or hold an officer or any person against his or her will,  the selective enforcement of  laws against making false reports to officers, and/or the not providing a benefit of the doubt or preferred treatment to information supplied by current or former police department employees when seeking to commit or hold an officer or any person against his or her will.

27.    Up until and including December 31, 2005, I was not aware of any situation, event, occurrence, fact or opinion that demonstrated or suggested that more or additional training of St. Louis County Police Officers was needed to address any matter mentioned in Plaintiff's Complaint and therefore, I did not bring any such situation, event, occurrence, fact, opinion or responsive training program to the attention of the Police Board.

28.    Further, Affiant sayeth not.

_____
Patrick Twardowski

6

Subscribed and sworn to before me, a Notary Public, this ___28ᵗʰ___ day of July,
2009

_Heather Jewell_
Notary Public

My commission expires:              ___May 17, 2010___

HEATHER JEWELL
Notary Public - Notary Seal
State of Missouri
St. Louis County
My Commission Expires May 17, 2010
Commission # 06886488

7