UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE HM, *an individual*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV00946 ERW |
| ) | |
| CITY OF CREVE COEUR, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Amended Motion for Costs of Defendants Thomas Lasater, Michael Thomeczek, Jerry Lee, and St. Louis County, Missouri (collectively, "Defendants") [doc. #183]. In its Memorandum and Order dated September 30, 2009 [doc. #179], the Court granted summary judgment in favor of Defendants on all claims asserted against them, and Defendants now seek to recover $11.067.75[1] in costs from this litigation. Plaintiff asserts a number of arguments in opposition to Defendants' Motion, and the Court considers each in turn.

## **I.   CHILLING EFFECT ON CIVIL RIGHTS LITIGATION**

Plaintiff first claims that costs should not be taxed against him because doing so would have a chilling effect on civil rights litigation. Fed. R. Civ. P. 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." 28 U.S.C. § 1920 goes on to provide that the following items are taxable costs:

---

[1] Defendants' Amended Bill of Costs [doc. #194-1] sets forth $12,316.86 in costs, but Defendants abandoned their efforts to recover mediation costs, totaling $1,249.11, during the briefing of this Motion.

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under [28 U.S.C. § 1923];
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

These provisions set forth a presumption in favor of awarding costs to the prevailing party; they do not suggest that civil rights claims should necessarily receive any differing treatment. *See Goostree v. Tenn.*, 796 F.2d 854, 864 (6th Cir. 1986) ("The prevailing party in a civil rights action . . . is in the same position as any other prevailing party with respect to costs available pursuant to 28 U.S.C. § 1920."); *Johnson v. Okla. ex rel. Univ. of Okla. Bd. of Regents*, 229 F.3d 1163, at *3 (10th Cir. 2000) (table) ("We have upheld the 'traditional presumption' of awarding costs to prevailing defendants in civil rights case[s].") (internal citation omitted).

Although some courts do consider the potential chilling effect on civil rights litigation as one factor in deciding whether to award costs, *see, e.g.*, *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003), an award of costs in this case will not have any such effect. Plaintiff's characterization of the issues decided in this case notwithstanding,[2] the Court does not believe that his claims presented issues of such public importance that awarding costs to Defendants would have a detrimental effect on future civil rights litigation. *Cf. Ass'n of Mexican-American Educators v. Cal.*, 231 F.3d 572, 593 (9th Cir. 2000) (district court did not abuse

---

[2] To the extent Plaintiff is under the impression that the Court concluded that "hearsay in the form of [a] cursory investigation satisfied due process for detention in a mental health facility," as Plaintiff states in his Sur-Reply [doc. #197] to this Motion, the Court directs Plaintiff to re-examine the Court's Memorandum and Order granting summary judgment [doc. #179], specifically Section III.A.2.

2

discretion in denying costs to prevailing defendants where nonprofits with limited resources brought claims presenting "close and complex" issues affecting "tens of thousands of Californians and the state's public school system as a whole"). Although the Court agrees with Plaintiff that his claims were not frivolous, taxing costs in favor of the prevailing party is generally done as a matter of course and does not suggest such a finding. Every lawsuit involves an assumption of some amount of monetary risk on the part of the plaintiff, and the possibility of the taxation of costs if one's claims are not successful is merely another such risk. As such, the Court concludes that on the facts of this case, the potential of deterring civil rights litigation does not, standing alone, justify a denial of costs to Defendants.

## II. FEE PAID TO DEPOSE PLAINTIFF'S TREATING PHYSICIAN

Plaintiff contends that Defendants should not be permitted to recover the $2,800 fee paid in order to depose Plaintiff's witness Dr. Niedermeier, Plaintiff's treating physician, because Plaintiff did not designate her as an expert and Defendants therefore could have subpoenaed her and paid her the statutory $40 witness appearance fee. Defendants assert that Dr. Niedermeier would have necessarily testified as an expert with respect to Plaintiff's mental health, and that it is customary to pay a treating physician a reasonable fee for attending a deposition.

28 U.S.C. § 1920(3) provides that district courts may tax as costs "[f]ees and disbursements for printing and witnesses." The Supreme Court has held that under this provision, a prevailing party may not recover fees paid to its own expert witness in excess of the amount authorized by 28 U.S.C. § 1821(b) for compensating witness attendance in court or at a deposition – currently set at $40 per day. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987). It therefore logically follows that a prevailing party seeking to recover fees expended to depose an opposing party's witness – whether expert or not – likewise cannot

3

recover more than the limit set forth in § 1821(b). *See United States v. Davis*, 87 F. Supp. 2d 82, 91 (D.R.I. 2000) ("The United States Supreme Court has held that prevailing party cannot recover costs for fees paid to its own experts beyond those authorized by § 1821, and I see no need to depart from this rule when the prevailing party paid a fee to an adverse expert witness pursuant to [Fed. R. Civ. P. 26(b)(4)( C)].") (internal citation omitted). Thus, regardless of whether Dr. Niedermeier should be characterized as an expert or fact witness, Defendants' recovery of any fee paid to secure her deposition testimony is limited by § 1821(b). Defendants' documentation indicates that her deposition occurred in one day, and accordingly Defendants are entitled to recover $40, and not the $2,800 fee paid to her firm.

### III. GUARDIAN AD LITEM FEES

In its Order issued on May 4, 2009 [doc. #100], the Court appointed a guardian *ad litem* ("the GAL") to represent Plaintiff's three minor children in depositions, and ordered that the parties should each be billed for half of the GAL's total fee. Defendants assert that although they have not paid any fee to the GAL, the Court should tax their share of the fee against Plaintiff. Plaintiff claims that he paid the GAL's entire fee, amounting to $1,200, but that the depositions ultimately did not take place. Plaintiff argues that the Court should therefore order Defendants to reimburse him for their share of the GAL fee.

The Court concludes that any obligation Defendants might have to share in the GAL fee will be shifted to Plaintiff. Courts have found that § 1920(6), providing for the taxation of fees for "court-appointed experts," permits the recovery of guardian *ad litem* fees. *See Gaddis v. United States*, 381 F.3d 444, 455-57 (5th Cir. 2004). Although *Gaddis* dealt with a guardian *ad litem* appointed to represent a litigating party under Fed. R. Civ. P. 17(c), the rationale for treating a guardian as an expert in those circumstances is equally applicable to a guardian

4

appointed to represent a witness in a deposition. *See id.* at 456 ("[G]uardians *ad litem* appointed by the court reasonably serve as experts in the sense that they liaise with the court and are charged with the important duty of providing their insight as to how the judicial process is or is not comporting with the best interests of the minor or incompetent person involved."). Furthermore, to the extent Plaintiff has, in fact, paid a fee to the GAL, Plaintiff has failed to provide the Court with any supporting documentation. Plaintiff has emphasized the need for precise documentation from Defendants concerning all costs they have incurred, and the Court will demand no less of Plaintiff. Lastly, given that no deposition or consultation ultimately took place, it is unclear to the Court whether it was ever necessary for Plaintiff to pay the GAL's fee. If it was not, it would hardly be proper for the Court to order Defendants to share in that fee. Accordingly, the Court finds that Defendants shall not be held responsible for any portion of the GAL's fee.

## IV.  COST OF SUBPOENAING PHONE RECORDS

Defendants seek to recover the costs of subpoenaing telephone records relevant to certain matters in this case. Plaintiff's sole argument in opposition to taxing these items as costs is that Defendants failed to sufficiently itemize the claimed costs, and after Defendants remedied that defect, Plaintiff offered no further opposition. As such, the Court finds that $314.75 for costs related to acquiring phone records will be taxed to Plaintiff pursuant to 28 U.S.C. § 1920(4).

## V.  DEPOSITION COSTS

"Fees for printed or electronically recorded transcripts" and "[f]ees for exemplification and the costs of making copies of any materials" are taxable costs under § 1920 provided that the items are "necessarily obtained for use in the case." § 1920(2), (4); *see also Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762 (8th Cir. 2006). The cost of serving a summons on a

witness to be deposed is likewise taxable under § 1920. *See Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 701 (7th Cir. 2008).

Plaintiff first argues that Defendants should not recover expenses from the depositions of its corporate designees, Kenneth Gregory, Mary Theresa Barton, and Kenneth Michael Mowery, because Defendants did not produce these individuals until after the discovery cut-off. Even if Plaintiff's allegation is true, and the Court has no means of verifying if it is, because Plaintiff did not include any supporting documentation, the Court believes that such matters are more properly addressed by the discovery process itself. Plaintiff could have filed a motion to compel or a motion for sanctions related to this issue, and Plaintiff's decision not to do so suggests that Defendants' alleged failure to produce these individuals in a timely manner did not significantly affect Plaintiff's case. Indeed, Plaintiff has not offered any argument as to how the information revealed in these depositions would have been helpful in opposing Defendants' Motion for Summary Judgment. Plaintiff also asserts that two of the designees had only been in their positions for several weeks when the depositions took place, but there is likewise no indication as to how this affected Plaintiff's ability to prove his case. As such, the Court finds that these deposition costs are properly taxable under § 1920(2).

Plaintiff further argues that Defendants' efforts in deposing Plaintiff for over ten hours, after he had already been deposed for seven hours by the Creve Coeur defendants, were punitive, and Defendants should therefore not be permitted to recover the associated costs. Plaintiff, however, sets forth no specific information supporting that conclusion, other than a bare assertion that the two deposition periods were largely repetitive. It is not the Court's responsibility to sift through hundreds of pages of deposition testimony in order to support Plaintiff's argument that these costs were unnecessarily incurred. Defendants, as the prevailing parties, are presumptively

entitled to recover the costs of deposing Plaintiff, and the Court will tax these costs against Plaintiff under § 1920(2) because he has failed to make any showing to overcome that presumption.

Plaintiff next suggests that Defendants should not be permitted to recover costs from the depositions of the Creve Coeur defendants – specifically Captain Hodak, Captain Spoerry, and Chief Eidman of the Creve Coeur police department – because Plaintiff's claims against those defendants had no bearing on Defendants' liability. Plaintiff's argument ignores, however, that Defendants did, in fact, use these depositions in support of their Motion for Summary Judgment. Moreover, the Court agrees with Defendants that once Plaintiff consolidated his claims against the two separate groups of Defendants, it became necessary for Defendant to request the transcripts of depositions of the Creve Coeur defendants, even if it may not have been immediately apparent that they would have yielded helpful information.

Last, Plaintiff asserts that costs related to Dr. Niedermeier's deposition are not recoverable because her testimony was not necessary to Defendants' defenses. As Plaintiff notes, however, Dr. Niedermeier testified that she believed that prior to the incident in this case, Plaintiff was emotionally stable and was not suicidal or otherwise in need of hospitalization, contradicting Defendants' claims that Plaintiff was a suicide risk. Given that Plaintiff intended to offer her testimony to that effect at trial, it would have been highly questionable for Defendants *not* to depose her beforehand. Additionally, Defendants did use her deposition testimony in support of their Motion for Summary Judgment, and the Court therefore sees no basis for concluding that this was an unjustified or unnecessary cost.

In sum, the Court concludes that Defendants are entitled to recover the $7,933.00 in deposition-related costs set forth in their Amended Bill of Costs [doc. #194-1], consisting of

$7,803.00 for court reporter and transcript costs, and $130.00 for issuing summonses to Dr. Niedermeier and Dr. Chilakamarri.

## VI.  CONCLUSION

The Court concludes that the following costs will be taxed against Plaintiff pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920: $40 for the witness appearance fee of Dr. Niedermeier, Plaintiff's treating physician, Defendants' share of any guardian *ad litem* expenses incurred by Plaintiff, $334.75 for phone records, and $7,933.00 for costs of depositions and summonses, totaling $8,307.75.  The $2,800 fee Defendants paid to Dr. Niedermeier in order to depose her, however, is not recoverable under § 1920.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Amended Motion for Costs [doc. #183] is **GRANTED, in part** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall tax $8,307.75 against Plaintiff and in favor of Defendants Thomas Lasater, Michael Thomeczek, Jerry Lee, and St. Louis County, Missouri, constituting $40 for a witness appearance fee, $334.75 for phone records, and $7,933.00 for deposition-related expenses.

**IT IS FURTHER ORDERED** that to the extent Plaintiff has incurred expenses related to the Court's appointment of a guardian *ad litem* to represent Plaintiff's minor children in depositions, Defendants' obligation to share in that fee, as set forth in the Court's Order dated May 4, 2009 [doc. #100], shall be taxed to Plaintiff.

Dated this 4th Day of May, 2010.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE